Nathan ARMBRUSTER, a minor, by his father and next friend, James ARM-BRUSTER, and James Armbruster, individually, Plaintiffs,

v.

BENEFIT TRUST LIFE INSURANCE COMPANY, Defendant.

No. 88 C 2084.

United States District Court, N.D. Illinois, E.D.

June 7, 1988.

---

**404**

Robert L. Speers, Linder Speers & Reuland, Aurora, Ill., for plaintiffs.

Joseph J. Hasman, Ernest W. Irons, Daniel A. Engel, Jack Daulton, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs Nathan and Joseph Armbruster ("the Armbrusters") brought this action in the Illinois Circuit Court of Kane County seeking continued nursing care for Nathan under a health benefits insurance policy issued by defendant Benefit Trust Life Insurance Company ("Benefit Trust"). The state court issued a temporary restraining order that Benefit Trust continue to pay for Nathan's in-home nursing care. Benefit Trust then removed the action to this Court, and we ordered the parties to appear before Magistrate Joan B. Gottschall to conduct proceedings on the Armbrusters' motion for preliminary injunction. The Magistrate recommended that the preliminary injunction issue and orally reported her recommended findings of fact and conclusions of law.

Currently before this Court are the Armbrusters' motion to remand and Benefit Trust's motion to dismiss. For the following reasons, we deny the motion to remand and dismiss the complaint without prejudice.

### Factual Background

The Armbrusters allege the following facts in their complaint which, along with all reasonable inferences therefrom, we take as true for purposes of the motions to remand and dismiss. *Meriwether v. Faulkner,* 821 F.2d 408, 410 (7th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987).

James Armbruster, Nathan's father, was an employee of Dukane Precast, Inc. at all times relevant to this action. Dukane Precast provided medical insurance to its employees and their dependents through a policy with Benefit Trust. Under the pertinent terms of that policy, Benefit Trust was to pay various medical expenses arising out of accidents to covered individuals, including, *inter alia,* "charges by a Registered Graduate Nurse (R.N.) for nursing care ordered by a Physician."

As a result of a near-drowning in August 1985 in the family pool, Nathan Armbruster sustained injuries and continues to suffer from mental retardation and spastic quadriplegia. Under the policy, Benefit Trust paid various expenses incurred during Nathan's emergency and recovery treatment. Nathan left the hospital and returned home under physician's orders that Nathan receive nursing care provided by Concerned Care, Inc. Benefit Trust paid the nursing care expenses until February 29, 1988. Concerned Care refuses to continue caring for Nathan until Benefit Trust guarantees payment.

### Motion to Remand

The Armbrusters filed this three-count breach of contract action in state court charging breach of the medical benefits policy and seeking compensatory, declaratory and injunctive relief. In its petition for removal, Benefit Trust asserted that the Armbrusters' contract claim arises under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* and is accordingly removable

to federal court. The Armbrusters oppose the petition on the grounds that they did not elect to frame their lawsuit as an ERISA action, and removal of a contract action arising under state law is unwarranted absent complete diversity. On the basis of recent United States Supreme Court decisions, we find that ERISA provides federal question jurisdiction over this action and therefore removal is proper under 28 U.S.C. § 1441(a) (1976).

In the twin cases of *Pilot Life Ins. Co. v. Dedeaux,* — U.S. —, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), and *Metropolitan Life Ins. Co. v. Taylor,* — U.S. —, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), the Supreme Court held that any cause of action brought under the guise of a state law claim charging improper denial of benefits under an employee benefits plan covered by ERISA is preempted and displaced by ERISA. The Court explained the crucial distinction between preemption and displacement. Generally, a defendant may set forth the affirmative defense of federal preemption to a common law claim, but preemption alone does not provide federal question jurisdiction over the claim. A common law action *displaced* by federal statute, on the other hand, *arises under* that statute and is therefore removable to federal court regardless of how the plaintiff framed the action. *Id.* at 1546–47; *Belasco v. W.K.P. Wilson & Sons, Inc.,* 833 F.2d 277, 282 (11th Cir.1987).

The Benefit Life medical policy is an ERISA plan. An employee insurance policy is covered by ERISA if it is a "(1) plan, fund or program, (2) established or maintained, (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness … benefits, (5) to participants or their beneficiaries." *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.,* 805 F.2d 732, 738 (7th Cir.1986), *cert. denied,* — U.S. —, 107 S.Ct. 3188, 96 L.Ed.2d 676 (1987). The policy under which the Armbrusters seek nursing care payments was established by James Armbrusters'

employer, Dukane Precast, for the purpose of providing medical coverage to its employees and their dependents. Since ERISA covers the policy, any action such as this seeking benefits under that policy is removable to federal court. Accordingly, the motion to remand is denied.

### Motion to Dismiss

■ Benefit Trust additionally moves to dismiss this action for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The gravamen of *Pilot Life* and *Metropolitan Life* is that any claim in which a beneficiary seeks benefits under an ERISA plan (1) is a federal cause of action and (2) can be maintained only if plaintiffs properly frame that cause of action within the strictures of ERISA and accompanying federal common law.[1]

Initially, and not unexpectedly since the Armbrusters sought relief under state law, the complaint identifies neither the ERISA provision that supplies a source of relief nor the appropriate label ("trustee" or "fiduciary") for Benefit Trust in an ERISA action. Such deficiencies by themselves are not fatal to the Armbrusters' complaint. Ordinarily, failure to state the federal statutory or constitutional provision under which a claim arises warrants dismissal for lack of subject matter jurisdiction. However, if the court finds that the complaint adequately puts the defendants on notice of the asserted claim and alleges sufficient facts to state a claim over which this Court has jurisdiction, it will not dismiss the action. *Caldwell v. Miller,* 790 F.2d 589, 595 (7th Cir.1986). *Accord, Hildebrand v. Honeywell, Inc.,* 622 F.2d 179 (5th Cir.1980) (applying this principle in an age discrimination case). Presumably, this action like all others charging an unlawful denial of ERISA plan benefits arises under § 502(a)(1)(B), 29 U.S.C. § 1132, and as the benefits decisionmaker, Benefit Trust would be considered an ERISA plan trustee or fiduciary.

Additionally, the complaint fails to identify the breach of any duty that ERISA

---

1. Plaintiffs insist that it is illogical to hold that ERISA preempts a cause of action that does not state a claim under ERISA. On the contrary, it follows from the fact that ERISA preempts this claim that plaintiffs must properly plead their claim under ERISA before the relief requested is available in any court.

places upon Benefit Trust, and it is on this basis that we dismiss the complaint for failure to state a claim. In any action challenging a decision to deny ERISA plan benefits, the plaintiff must plead and prove that the decision was arbitrary and capricious, unsupported by substantial evidence or founded on an erroneous interpretation of law. *Brown v. Retirement Committee of Briggs & Stratton,* 797 F.2d 521, 525–26 (7th Cir.1986), *cert. denied,* — U.S. —, 107 S.Ct. 1311, 94 L.Ed.2d 165 (1987). That the decision may have constituted a breach of contract under the common law is insufficient to warrant recovery. The "arbitrary and capricious" standard gives to the ERISA trustee a degree of deference nonexistent in the breach of contract context. *Van Boxel v. Journal Company Employees' Pension Trust,* 836 F.2d 1048, 1049 (7th Cir.1987). The Armbrusters allege only that Benefit Trust's decision to terminate further payments for Nathan's nursing care constituted a breach of the medical benefits contract. To satisfactorily plead their claim, they must go further, alleging that the decision was arbitrary and capricious. In the absence of such an allegation, plaintiffs' complaint cannot survive this motion to dismiss.[2]

### Conclusion

The motion to remand is denied. Benefit Trust's motion to dismiss is granted. Plaintiffs are given leave to file an amended complaint within thirty days that states a claim under ERISA.[3] It is so ordered.

---

2. Unfortunately, Benefit Trust did not specify the precise elements of an ERISA claim that the complaint lacks. Our decision to dismiss this complaint hinges only on the Armbrusters' failure to allege that the denial of nursing care was arbitrary and capricious. It may very well be that the complaint is deficient in other ways. For example, the Armbrusters did not allege that they exhausted all available meaningful administrative remedies. *Kross v. Western Electric Co., Inc.,* 701 F.2d 1238 (7th Cir.1983). If plaintiffs decide to file an amended complaint, they should make certain to satisfactorily plead any other elements of an ERISA claim currently lacking in the complaint.

3. In the event that the Armbrusters can and do file an amended complaint, we will then address Benefit Trust's objections to Magistrate Gottschall's recommendation that a preliminary injunction issue. The Magistrate was careful to frame her analysis under the arbitrary and capricious standard. We make no judgment at this point, however, as to whether an amended complaint would make further proceedings before the Magistrate necessary.