## ALBERT EINSTEIN MEDICAL CENTER, et al.

v.

## NATIONAL BENEFIT FUND FOR HOSPITAL AND HEALTH CARE EMPLOYEES.

### Civ. A. No. 89-5931.

United States District Court, E.D. Pennsylvania.

Dec. 19, 1989.

---

Ira P. Tiger, Schnader, Harrison, Segal & Lewis, Kenneth L. Klothen, Philadelphia, Pa., for plaintiffs.

Miriam L. Gafni, Freedman & Lorry, P.C., Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

VANARTSDALEN, Senior District Judge.

On September 29, 1989, in a Memorandum Opinion and Order, I dismissed plain-

tiffs' claims for lack of federal subject matter jurisdiction. Upon reconsideration of my previous decision, I now hold that federal subject matter jurisdiction does exist over plaintiffs' complaint. I will therefore also address the merits of defendant's earlier motion to dismiss the complaint because it is preempted by ERISA and because plaintiffs fail to state a complaint upon which relief can be granted under ERISA. For the reasons discussed herein, plaintiffs' complaint will be dismissed.

Plaintiffs are twelve hospitals located in the Philadelphia area. Plaintiffs brought this action to collect $1,292,643.00 allegedly owed them by defendant National Benefit Fund for Hospital and Health Care Employees (the Fund), as well as interest, costs, and attorney's fees. This action was originally filed in the Court of Common Pleas of Philadelphia County and was removed to this court by defendants.

In a sixty-count complaint (five separate counts for each of the twelve plaintiffs), plaintiffs assert claims under five theories: (1) breach of contract; (2) unjust enrichment; (3) quantum meruit; (4) promissory estoppel; and (5) as a third party beneficiary of the contract between defendant and members of the Hospital and Health Care Employees Union, who are participants in the defendant Fund (Fund Participants). *See* Complaint. The claims arise from hospital and health care the plaintiffs provided to certain Fund Participants belonging to the Hospital and Health Care Employees Union. *See* plaintiffs' brief in opposition to defendant's motion to dismiss, at 1–2. (Plaintiffs' Opposition).

The Fund is a welfare benefit plan within the meaning of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq.[1]

The Summary Plan Description (SPD) of the Fund, which is annexed to the Com-

---

**1.** 29 U.S.C. § 1002(1) states:

§ 1002. Definitions

For the purposes of this subchapter:

(1) The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or

plaint as an exhibit, states: "The Fund will pay the hospital directly for all services covered by the plan." SPD, exhibit A to Complaint, at 10, ¶ 6.1. The SPD defines "Eligible Charges" as "a maximum amount that the Fund will recognize as a reasonable charge for the services rendered." *Id.* at 5. The SPD also provides that no benefits are payable for charges "to the extent that they are unreasonable." *Id.* at 27–28, ¶¶ 14.1 and 14.6. The SPD also states that "[t]he final decision as to the interpretation and meaning of any provision of the S.P.D. and the Plan can only be made by the Trustees." *Id.* at 2.

Plaintiffs and Independence Blue Cross are parties to an agreement that governs, inter alia, payment for hospital services rendered by plaintiffs to participants in health care plans underwritten by Independence Blue Cross. *See* Complaint, ¶ 22. The 1985 Philadelphia Blue Cross Agreement provides for reimbursement to hospitals at rates lower than the hospitals' billed charges. *Id.* Beginning sometime in 1986, defendant Fund began to withhold payments to plaintiffs for hospital services rendered by plaintiffs to Fund Participants. *Id.,* ¶ 23. On May 1, 1987, Independence Blue Cross declared to plaintiffs that it was offering inpatient hospital care coverage for Fund Participants and that, on behalf of the Fund, Independence Blue Cross would pay claims for hospital services rendered by plaintiffs to Fund Participants and unpaid as of May 1, 1987 (including claims already submitted by plaintiffs to defendant) only in accordance with the terms of the 1985 Philadelphia Blue Cross Agreement, *i.e.,* at rates lower than the hospitals' billed charges. *Id.,* ¶ 26.

Plaintiffs seek to recover the difference between their billed charges for services rendered to Fund Participants and the amounts actually paid to them by the Fund. On August 21, 1989, defendant filed a motion to dismiss plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant argued that plaintiffs' claims were preempted by ERISA, that under ERISA the terms of the plan define the rights and obligations of the parties, and that the terms of the Fund plan do not allow plaintiffs to recover additional compensation for the services they rendered to Fund Participants. *See* defendant's brief in support of motion to dismiss, at 1–4 (Defendant's Motion). On August 31, 1989, plaintiffs filed a brief in opposition to defendant's motion to dismiss and on September 29, 1989, plaintiffs filed a reply brief in support of their motion to dismiss. Neither party directly addressed the issue of whether this court properly has subject matter jurisdiction over this action.

On September 28, 1989, I filed a Memorandum Opinion and Order dismissing the Complaint for lack of removal jurisdiction over plaintiffs' claims. Specifically, I held that the decisions of the United States Court of Appeals for the Third Circuit in *Allstate Insurance Co. v. The 65 Security Plan,* 879 F.2d 90 (3d Cir.1989) and *Northeast Dept. ILGWU v. Teamsters Local Union No. 229,* 764 F.2d 147 (3d Cir.1985) precluded this court from exercising removal jurisdiction in this matter. However, upon reconsideration of my earlier opinion, I believe that *Allstate* and *Northeast Dept.* should not be read so restrictively so as to preclude this court from exercising removal jurisdiction. Before addressing the removal issue, however, I will address defendant's original argument that plaintiffs' claims are preempted by ERISA. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 1544–45, 95 L.Ed.2d 55 (1987) ("The question presented by this case is whether these state common law claims are not only pre-empted by ERISA, but also displaced by ERISA's civil enforcement provision ..., 29 U.S.C. § 1132(a)(1)(B), to the extent that complaints filed in state courts purporting to plead such state common law causes of action are removable to federal court under

otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

28 U.S.C. § 1441(b)."). I will then further address the merits of defendant's 12(b)(6) motion to dismiss.

ERISA PREEMPTION

■ ERISA's preemption provision, 29 U.S.C. § 1144(a), provides in relevant part that ERISA's provisions "shall supersede any and all State laws insofar as they may now or they may now hereafter relate to any employee benefit plan...." *Id.* The Supreme Court in *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), held that ERISA's preemption provision is to be construed broadly. *Id.* 107 S.Ct. at 1553. A state law " 'relate[s] to' an employee benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.' " *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985) (quoting *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983)).

■ There is no question that the provisions of ERISA preempt plaintiffs' third party beneficiary claims against the Fund. Resolution of these claims requires reference to the terms of the ERISA plan itself, because the plaintiffs are claiming that the terms of the plan require payment for the services they rendered. *See Albert Einstein Medical Center v. Action Mfg. Co.*, 697 F.Supp. 883, 884 (E.D.Pa.1988).

■ The remaining four counts brought by each plaintiff against the Fund present a closer question on the ERISA preemption issue. These four counts—breach of contract, unjust enrichment, quantum meruit, and promissory estoppel—might appear to "make reference to" or "relate to" the Fund's ERISA plan under the broad standard the Supreme Court set forth in *Shaw*, *Metropolitan Life*, and *Pilot Life*. To the extent that plaintiffs are attempting to assert by these claims any rights under the terms of the plan, these claims do relate to the terms of the plan. For example, if plaintiffs attempt to make reference to the terms of the Fund plan to prove the terms of their alleged direct contracts in their

breach of contract claims, then these claims are preempted.

However, to the extent that plaintiffs are claiming an independent right to payment, apart from the terms of the plan, then these claims are not preempted. For instance, if plaintiffs attempt to prove that a direct independent contractual relationship existed between the plaintiffs and the Fund, for example, that an implied contract arose between the parties through a course of dealing, independent of the benefits payable under the plan, then ERISA would not preempt such a claim.

Judge Pollak's decision in *Albert Einstein Medical Center v. Action Mfg. Co.*, 697 F.Supp. 883 (E.D.Pa.1988) and my opinion in *Friends Hospital v. Shaw*, No. 87–1593, slip op., 1987 WL 12755 (E.D.Pa. June 18, 1987) provide some guidance in this matter.

In *Einstein*, Judge Pollak held that ERISA did not preempt a hospital's action to recover the cost of medical services rendered to a beneficiary of defendant's employee benefit plan brought under a common-law estoppel theory. 697 F.Supp. at 884. Judge Pollak stated:

[T]he plaintiff's cause of action does not in any sense turn on an interpretation of the rights of a beneficiary under the plan. Rather, the complaint alleges that the agents of defendant's employee benefit plan misrepresented that the plan would cover the expenses of one of its beneficiaries. The estoppel claim is thus independent of the defendant's *actual* obligations under the benefit plan.

*Id.* (emphasis in original). Similarly, in *Friends Hospital*, I held that an action brought by a hospital against a patient to recover uninsured hospital charges was not preempted by ERISA because "the suit only seeks payment for charges which are not payable under the plan." No. 87–1593, slip op. at 9.

In the present case, I read plaintiffs' contract, estoppel, unjust enrichment, and quantum meruit claims to ask for payment for charges not due under the Fund plan, *i.e., in addition to* the relief to which they are entitled to under the terms of the plan

as a third party beneficiary. Such claims, as in *Einstein* and *Friends Hospital*, are independent of the Fund's actual obligations under the plan. Despite the broad preemptive effect of ERISA, I believe that plaintiffs' non-third party beneficiary claims are not preempted by its provisions. Although plaintiffs' non-third party beneficiary claims might well be vulnerable at the summary judgment stage if plaintiffs cannot aver facts which show they are entitled to payment without reference to the plan and independent from what plaintiffs are due under the plan, I cannot at this point conclude that these counts as set forth in the complaint are preempted by ERISA.

## REMOVAL JURISDICTION

■ My reconsideration of the removal jurisdiction question must begin with the "well-pleaded complaint" rule. In deciding whether this action was properly removed from state court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331 ("federal question" jurisdiction), the well-pleaded complaint rule requires that the federal question be presented on the face of the plaintiffs' properly pleaded complaint. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987); *Allstate Ins. Co. v. 65 Security Plan*, 879 F.2d 90, 93 (3d Cir.1989).

■ It is clear that plaintiffs' complaint does not present, on its face, any questions of federal law. All five counts are brought under state common-law theories, and make no reference to federal law. Defendant, however, argues that because the third party beneficiary claims "assert claims based upon the Plan of the National Benefit Fund," *see* defendant's supplemental memorandum in support of removal jurisdiction, at 1 (Supplemental Memorandum), and because plaintiffs attach as an exhibit and incorporate into their complaint the plan SPD, which makes reference to ERISA, plaintiffs' complaint presents questions of federal law on its face.

■ I disagree. It is well settled that for a case to present a federal question, "the statute, . . . right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank of Meridian*, 299 U.S. 109, 112, 57 S.Ct. 96, 100, 81 L.Ed. 70 (1936). Mere reference to ERISA in an exhibit to the complaint does not make ERISA an "essential element" of plaintiffs' third party beneficiary claim.

■ At best, the ERISA reference in the SPD signals that ERISA may preempt the third part beneficiary claim, and I have so held. However, ERISA preemption of plaintiffs' claims alone cannot make this action removable. Federal preemption is ordinarily a defense to a plaintiffs' suit and as such does not appear on the face of a well-pleaded complaint. Therefore, the mere fact that federal law preempts a claim or claims in plaintiffs' complaint does not authorize removal to federal court. *See Metropolitan Life*, 107 S.Ct. at 1546; *Allstate*, 879 F.2d at 93.

■ Even though I find that no removal jurisdiction exists under the well-pleaded complaint rule, removal jurisdiction exists in this action under the doctrine of "complete preemption." Under this "independent corollary" to the well-pleaded complaint rule, removal jurisdiction may exist where " 'Congress . . . so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.' " *Allstate*, 879 F.2d at 93 (quoting *Metropolitan Life*, 107 S.Ct. at 1546). Once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered from its inception a federal claim. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987).

■ The Third Circuit in *Allstate* stated that the doctrine "applies only when two circumstances are present: when the enforcement provisions of a federal statute create a federal cause of action vindicating the same interest that the plaintiff's cause of action seeks to vindicate and when there is affirmative evidence of a congressional intent to permit removal despite the plaintiff's exclusive reliance on state law." *Id.*

(citing *Railway Labor Executives Ass'n v. Pittsburgh & Lake Erie R.R.*, 858 F.2d 936, 939 (3d Cir.1988)). In my earlier opinion in this action, I found that plaintiffs' third party beneficiary cause of action failed the first prong of the two-prong *Allstate* because I believed that under *Allstate* and an earlier case, *Northeast Dep't ILGWU v. Teamsters Local Un. No. 229*, 764 F.2d 147 (3d Cir.1985), the plaintiff hospitals did not have standing to pursue an ERISA claim under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B). That section provides that a participant or beneficiary of an ERISA plan may bring a civil action under ERISA to recover benefits or enforce or clarify rights to future benefits under the plan. *Id.*

It is clear that the hospitals in the present case do not qualify as "participants" under the ERISA statutory definition. *See* 29 U.S.C. § 1002 (1982). Nor do they qualify as "beneficiaries" in their own right. *See id.; Cameron Motor, Inc. v. United Mine Workers*, 575 F.Supp. 1243, 1246 (W.D.Pa.1983). However, I believe plaintiff's do have standing as third beneficiaries of the Fund Participants.[2]

Neither *Allstate* nor *Northeast Dep't* specifically held that a hospital which provided health care services to fund participants cannot maintain a suit under ERISA as a third party beneficiary. The Third Circuit in *Allstate* merely held that an insurance company could not maintain a declaratory judgment action against an ERISA plan under 29 U.S.C. § 1132(a)(1)(B)

as a subrogee to the beneficiary's claim. 879 F.2d at 94. Similarly, the court in *Northeast Dep't* held that "the express jurisdictional provisions of ERISA, found in 29 U.S.C. § 1132, do not authorize federal jurisdiction over a suit ... brought by a pension fund and its trustee against another pension fund." 764 F.2d at 154. The *Northeast Dep't* court, in a footnote, rejected Judge Fullam's suggestion in his concurrence that jurisdiction existed because the ILGWU Fund was an "assignee or subrogee" of a Fund Participant. *Id.* at 154 n. 6. The court noted that no assignment had been made in that case, and left open the possibility that an actual assignee of a fund participant's claim might have standing to bring an ERISA claim, although the court expressed "serious doubts whether [the fund participant] could assign along with her substantive rights [to ERISA benefits] her right to sue in federal court." *Id.*

An expansive reading at *Allstate* and *Northeast Dep't*, as I gave these cases in my first opinion, might preclude a third-party beneficiary from pursuing an ERISA claim. However, upon reconsideration, I believe that a narrower interpretation of these cases is warranted, and they should not be read so as to preclude an actual third-party beneficiary of fund participants' claims under an ERISA plan from pursuing an ERISA claim in federal court.[3]

Since the Court of Appeals for the third Circuit has not yet directly spoken on the issue of whether a third-party beneficiary

---

**2.** I noted in my earlier opinion that the plaintiffs do not specifically allege that the Fund Participants assigned their rights to benefits under the Fund plan to the plaintiff hospitals. However, as defendant points out in its supplemental memorandum in support of removal jurisdiction, under the terms of the SPD, the hospitals are to receive the benefits available to the Fund Participants directly from the Fund. *See* Supplemental Memorandum, at 3; SPD, AT 10, ¶ 6.1. Since the SPD is a part of the complaint for all purposes, *See* Fed.R.Civ.P. 10(c), and since defendant apparently concedes plaintiffs' status as third-party beneficiaries for purposes of the jurisdiction issue, I do not believe that the lack of a specific allegation of an assignment is significant for present purposes.

**3.** The view that jurisdiction exists in the present action is supported by Judge Pollak's opinion in *Albert Einstein Medical Center v. Action Mfg. Co.*, 697 F.Supp. 883 (E.D.Pa.1988). In ruling that plaintiff's estoppel claim was not preempted by ERISA, Judge Pollak noted that "plaintiff in this action is not an aggrieved participant or beneficiary of defendant's plan. Nor is the plaintiff suing as a third-party beneficiary of the plan, claiming that the terms of the plan require payment for the services it rendered." *Id.* at 884. A fair inference from this statement is that if plaintiff *was* suing as a third-party beneficiary, as are plaintiffs in the present action, then the third-party beneficiary would have standing to sue under ERISA, although this claim would be preempted.

has standing to sue under ERISA, I find persuasive the analysis of the United States Court of Appeals for the Ninth Circuit in *Misic v. Building Service Employees Health and Welfare Trust*, 789 F.2d 1374 (9th Cir.1986).

 The *Misic* court first ' held that ERISA benefits are assignable. *Id.* at 1377. The court noted that ERISA does not contain a clause prohibiting assignment of health and welfare benefits, which becomes significant in light of ERISA's "complex and extensive provision prohibiting assignment of *pension* benefits." *Id.* at 1376 (emphasis added). Moreover, the court noted that allowing assignment of ERISA health care benefits to health care providers is consistent with the goals of ERISA. *Id.* at 1375. The court thus held that "ERISA does not forbid assignment by a beneficiary of his right to reimbursement under a health care plan to the health care provider." *Id.* For these same reasons, I believe that ERISA does not forbid assignment by a beneficiary of his right to reimbursement to a health care provider nor does it forbid an ERISA plan from reimbursing the health care provider directly.[4]

The *Misic* court also held that an assignee of ERISA plan benefits may sue derivatively, based on the premise that a valid assignment confers upon the assignee standing to sue in place of the assignor. 789 F.2d at 1378. This holding has been adopted by other courts as well. *See Hermann Hosp. v. MEBA Medical & Benefits Plan*, 845 F.2d 1286 (5th Cir.1988); *St. Mary Medical Center v. Cristiano*, 724 F.Supp. 732 (C.D.Ca.1989); *Kennedy v. Deere & Co.*, 118 Ill.2d 69, 112 Ill.Dec. 705, 514 N.E.2d 171 (1987), *cert. denied*, 484

U.S. 1064, 108 S.Ct. 1024, 98 L.Ed.2d 989 (1988). I find this reasoning persuasive, and conclude that the plaintiffs in the present action have standing to sue under 29 U.S.C. § 1132(a)(1)(B) as third-party beneficiaries of benefits due Fund Participants under the plan. Having so concluded, I also conclude that the first prong of the two-prong test set forth in *Allstate* for complete preemption is satisfied. ERISA's enforcement provision creates a federal cause of action vindicating the same interest the plaintiffs' cause of action seeks to vindicate because plaintiffs' third-party beneficiary claims come within the scope of 29 U.S.C. § 1132(A)(1)(B).

The second prong of the two-prong *Allstate* test—the presence of affirmative evidence of a congressional intent to permit removal despite the plaintiff's exclusive reliance on state law—is also satisfied, under the reasoning of *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). In *Metropolitan Life*, the Supreme Court held that the legislative history of section 1132(a)(1)(B) makes clear that Congress clearly intended to make suits within the scope of this section exclusive federal questions for purposes of federal court jurisdiction. 107 S.Ct. at 1547–48. Thus, plaintiffs' preempted third-party beneficiary claims in the present case are claims that "arise under the ... laws ... of the United States," 28 U.S.C. 1331, and are removable to federal court by the defendant under 28 U.S.C. § 1441(b). *Metropolitan Life*, 107 S.Ct. at 1548. Therefore, although the fact that plaintiffs' third-party beneficiary claims are preempted by ERISA in and of itself does not

---

**4.** The Court of Appeals for the Third Circuit in *Northeast Dep't* expressed "serious doubts" about whether a plan beneficiary could assign along with her substantive rights under ERISA her right to sue in federal court. 764 F.2d at 154 n. 6. The Third Circuit cited *McSparran v. Weist*, 402 F.2d 867 (3d Cir.1968), *cert. denied, Fritzinger v. Weist*, 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969), in which the Third Circuit held that a minor could not manufacture diversity jurisdiction by appointing an out-of-state guardian to prosecute the suit. *Id.* at 876. I find *McSparran* inapplicable for several reasons. First, no party in the present action

claims that diversity jurisdiction exists. Second, because the "assignment" of plan benefits to health care providers is actually part of the terms of the plan in this case (by the plan providing that the Fund will pay the hospitals directly), there can be no contention that the assignments were made for any litigation-related purpose. For these reasons, I do not share the Third Circuit's "serious doubts" about whether the Fund Participants could assign their right to sue in federal court in this case because the concerns raised in *McSparran* are inapplicable.

confer this court with removal jurisdiction, removal jurisdiction is authorized under the doctrine of complete preemption under ERISA.

## FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Defendant argues that once a determination has been made that plaintiffs' third party beneficiary claims are preempted by ERISA, then ERISA requires that this claim be dismissed. *See* Defendant's Motion, at 8–13. Specifically, defendant argues that, under ERISA, the terms of the Fund Plan itself govern plaintiffs' rights under the plan. *See id* at 9. Defendant argues that the Fund trustees "complied with the terms of the SPD by paying only those charges which they deemed reasonable," and properly exercised their discretion in deciding to pay plaintiffs for their past services only at the rates set forth in the 1985 Philadelphia Blue Cross Agreement. *Id.* at 10–11. Therefore, defendant argues, since "plaintiffs have no legitimate basis for claiming that they have not been compensated for the reasonable costs of the hospital services rendered to Fund Participants," then they have stated no claim upon which relief can be granted. *Id.* at 13.

I agree. For purposes of a 12(b)(6) motion to dismiss, I must accept as true all of plaintiffs' well-pleaded allegations, *Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969), and construe them in a light most favorable to the plaintiffs. *Scheuer v. Rhodes*, 416 U.S. 232, 237, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). I may dismiss the complaint only if it appears that plaintiffs cannot establish any set of facts in support of their claim which would entitle them to relief. *Id.* at 236, 94 S.Ct. at 1686.

It is clear that a court has no power to review the reasonableness of the provisions of an ERISA plan, as long as they do not violate federal law or policy. *See United Mine Workers of America v. Helen Mining Co.*, 762 F.2d 1155 (3d Cir. 1985), *cert. denied*, 474 U.S. 1006, 106 S.Ct. 527, 88 L.Ed.2d 459 (1985). Moreover, the court has no power to review *de novo* a plan trustee's interpretation of a provision of a plan when the trustee has discretion to interpret doubtful provisions of the plan. *See Gaines v. Amalgamated Ins. Fund*, 753 F.2d 288, 289 (3d Cir. (1985). Since it seems clear in this case that the Fund trustees have the power to interpret provisions of the SPD and the plan itself,[5] this court has no power to make a *de novo* review of the trustees' interpretation of the "reasonableness" of the hospitals' billed charges, if in fact such an interpretation was made.

Plaintiffs can recover on their preempted third-party beneficiary claim only if they can prove that the Fund trustees lacked the discretion to determine the "reasonableness" of the plaintiffs billed charges in this instance; or, assuming the trustees had this discretion, that they acted arbitrarily and capriciously in deciding to reimburse

---

**5.** I do not find persuasive plaintiffs' argument that the SPD does not reveal that the Fund trustees had the discretion to determine the "reasonableness" of a billed charge. Plaintiffs contend that the statement that "[t]he final decision as to the interpretation and meaning of any provision in the SPD and the plan can only be made by the Trustees" is not a part of the SPD itself, but only part of a "transmittal letter" accompanying the SPD. Plaintiffs' Opposition, at 19–20. A cursory examination of the SPD reveals that this is not the case. This statement is found in "A Message from the Board of Trustees to the Members of the National Benefit Fund for Hospital and Health Care Employees." This Message from the Board of Trustees is found on page 2 of the document plaintiffs annex to their complaint, entitled "Summary Plan Description," *after* the SPD title page (page

1). The Message from the Board of Trustees is also listed in the Table of Contents (page 3). Since the Message from the Board of Trustees is well integrated into the SPD, I consider it part of the SPD.

Furthermore, the ERISA Summary Plan Description is just that—a synopsis of the actual plan to be provided Fund Participants and beneficiaries in accordance with 29 U.S.C. §§ 1021 and 1022. Therefore, whether the statement of the trustees' discretionary power is physically a part of the SPD is irrelevant if the plan itself—the actual contract between the Fund and its participants and beneficiaries—endows the trustees with this discretion. Nowhere in plaintiffs' complaint do they contend that the trustees lack discretion under the plan to interpret the "reasonableness" of billed charges.

the plaintiff hospitals at only the rate specified in the 1985 Philadelphia Blue Cross Agreement. *See Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 ("arbitrary and capricious" standard of review is appropriate when reviewing a trustee's exercise of discretion when Plan gives administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe terms of Plan). *See also Armbruster v. Benefit Trust Life Ins. Co.*, 687 F.Supp. 403, 406 (N.D.Ill.1988) ("In any action challenging a decision to deny ERISA plan benefits, the plaintiff must plead and prove that the decision was arbitrary and capricious, unsupported by substantial evidence or founded on an erroneous interpretation of law." (citing *Brown v. Retirement Comm. of Briggs & Stratton*, 797 F.2d 521, 525–26 (7th Cir.1986), *cert. denied*, 479 U.S. 1094, 107 S.Ct. 1311, 94 L.Ed.2d 165 (1987))).

 Plaintiffs make no such averments. In each third-party beneficiary count, they aver only that "[b]y not paying [plaintiffs'] charges for hospital service rendered to Fund Participants between January 1, 1987 and May 1, 1987, defendant has breached its obligation to Fund Participants." Complaint, at 44. This simple averment of a breach of contract is insufficient to support a valid claim for benefits under ERISA. Because plaintiffs in their preempted third-party beneficiary claims have failed to

plead that the Fund trustees lacked the discretion under the plan to determine the reasonableness of the Blue Cross rates;[6] or in the alternative, that they acted arbitrarily and capriciously in deciding to pay plaintiffs only in accordance with the Blue Cross rates, plaintiffs have failed to state a claim upon which relief can be granted under 29 U.S.C. § 1132(a)(1)(B). Accordingly, these claims must be dismissed under Federal Rule of Civil Procedure 12(b)(6). However, if plaintiffs can in good faith and in keeping with the requirements of Federal Rule of Civil Procedure 11 make one or both of the above averments, they may file an amended complaint to that effect within thirty days.[7]

Although plaintiffs' unpreempted state-law claims would appear to state valid causes of action, I will at present decline to exercise pendent jurisdiction over these claims, pending the filing of an amended complaint as to plaintiff's ERISA-preempted third-party beneficiary claims.

An order follows.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is Ordered:

1. My opinion in this matter, dated September 28, 1987, is vacated;

2. Defendant National Benefit Fund for Hospital and Health Care Employees' motion to dismiss is granted; and

---

**6.** In which case, I could examine the Fund trustees' decision under a *de novo* standard of review, *see Firestone*, 109 S.Ct. at 956.

**7.** Since plaintiffs in their third-party beneficiary claims seek relief only under state law, these claims are obviously not framed within the structures of ERISA. These claims do not identify the ERISA provision which supplies the source of relief, which in this case is 29 U.S.C. § 1132(a)(1)(B), nor do they identify the defendant under the appropriate ERISA label as a plan trustee or fiduciary. *See Armbruster v. Benefit Trust Life Ins. Co.*, 687 F.Supp. 403, 405 (N.D.Ill.1988). However, these deficiencies standing alone are not fatal to plaintiffs' third-party beneficiary claims. The district court in *Armbruster* stated:

Ordinarily, failure to state the federal statutory or constitutional provision under which a claim arises warrants dismissal for lack of subject matter jurisdiction. However, if the

court finds that the complaint adequately puts the defendant on notice of the asserted claim and alleges sufficient facts to state a claim over which this court has jurisdiction, it will not dismiss the action. *Caldwell v. Miller*, 790 F.2d 589, 595 (7th Cir.1986). *Accord, Hildebrand v. Honeywell, Inc.*, 622 F.2d 179 (5th Cir.1980) (applying this principle in an age discrimination case).

*Armbruster*, 687 F.Supp. at 405. It is obvious in the present case that defendant Fund had adequate notice both of the asserted third-party beneficiary claims and of the fact that these claims were potentially ERISA claims, because defendant itself argues that ERISA preempted these claims. However, should plaintiffs amend their third-party beneficiary claims to state the elements of a cause of action cognizable under ERISA in conformity with this opinion, they should do so within the ERISA framework, specifying the appropriate ERISA statutory sections and identifying the parties using appropriate ERISA terminology.

3. Plaintiffs' complaint is dismissed. Plaintiffs are given until January 19, 1990, to amend their complaint to state a valid claim under ERISA.