CHILDREN'S HOSPITAL OF
PITTSBURGH, Plaintiff,

v.

84 LUMBER COMPANY MEDICAL
BENEFITS PLAN, Defendant.

Civ. A. No. 91–0708.

United States District Court,
W.D. Pennsylvania.

June 11, 1993.

Diana F. Wilkins, Ecker, Rome and
Simpson, P.C., Pittsburgh, PA, for plaintiff.

Joseph C. Swaim, Jr., Charles Kelly and Elizabeth L. Foster–Nolan, Kirkpatrick and Lockhart, Pittsburgh, PA, for defendant.

## MEMORANDUM OPINION

LEE, District Judge.

Pending before this Court is Defendant 84 LUMBER COMPANY MEDICAL BENE-FITS PLAN's ("Medical Plan") Motion to Dismiss (Document No. 2), as well as Motions for Summary Judgment filed by Plaintiff Children's Hospital of Pittsburgh ("Children's Hospital") (Document No. 13) and by the Medical Plan (Document No. 11).[1]

### I. INTRODUCTION

Medical Plan is an employee welfare benefit plan within the meaning of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002(1). Medical Plan provides medical, surgical and hospital benefits to eligible employees and dependents. (Complaint ¶ 3, Memorandum in Support of Motion to Dismiss, p. 1).

John Hood was an employee of 84 Lumber Company, and was a participant, within the meaning of 29 U.S.C. § 1002(7), of the Medical Plan and eligible for benefits provided under the Plan. On March 15, 1990, Julianna Hood, wife of John Hood, gave birth to their biological daughter, Jennifer Hood. As a result of a life-threatening medical condition, Jennifer Hood was transferred from Erie, Pennsylvania, to Children's Hospital on March 17, 1990. Children's Hospital alleges that from March 17, 1990, until Jennifer Hood's death on March 24, 1990, it rendered medical services to Jennifer Hood totalling $35,173.23. (Complaint, ¶ 10).

1. Additionally, Medical Plan has a pending Motion in Limine to Preclude Negative Inference (Document No. 23) which will be resolved by this Court at a later date.

2. The instant action was originally filed in the Court of Common Pleas of Allegheny County, Pennsylvania, and subsequently removed to this Court, pursuant to 28 U.S.C. § 1441, as a result of this Court's original jurisdiction in accordance with the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1000—1461.

3. Children's Hospital asserts that it is entitled to payment, pursuant to the Medical Plan, because

Children's Hospital alleges in its complaint[2] that Medical Plan has arbitrarily and capriciously denied Children's Hospital's claim for payment for the medical services it provided to Jennifer Hood.[3] Medical Plan avers that, as a matter of law, the conduct of the Plan's trustee in denying coverage was neither arbitrary nor capricious. (Motion to Dismiss, ¶ 10).

### II. MOTION TO DISMISS

#### A. Introduction

Medical Plan asserts two separate legal arguments in support of its Motion to Dismiss: (i) Medical Plan first alleges that, as a matter of law, the conduct of Medical Plan's trustee was neither arbitrary nor capricious, thus Medical Plan asserts that the complaint must be dismissed for failure to state a claim upon which relief may be granted (Memorandum in Support of Motion to Dismiss, pp. 3–8); and, (ii) Secondly, Medical Plan asserts that Children's Hospital has no standing to bring the instant ERISA action (Memorandum in Support of Motion to Dismiss, pp. 8–10).

#### B. Standard of Review

■ In deciding a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the court must accept the well-pleaded factual allegations as true. A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41; 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Marshall–Silver Constr.*

it is a named beneficiary under the Medical Plan's "universal assignment" provision, as well as an assignee of the benefits pursuant to an assignment of benefits granted to it by John Hood. (Complaint, ¶ 11). Medical Plan strenuously objects to these contentions and asserts, in its Motion to Dismiss, that, *inter alia,* Children's Hospital lacks standing to bring this instant action. The issue of whether Children's Hospital has standing to properly bring this lawsuit will be discussed more fully in the text of this opinion. (*See* Section II(C)(ii) for complete discussion of the standing issue).

*Co. v. Mendel,* 894 F.2d 593, 595 (3d Cir. 1990). In making this determination, the court must construe the pleading in the light most favorable to the non-moving party. *Budinsky v. Pennsylvania Dep't of Envtl. Resources,* 819 F.2d 418, 421 (3d Cir.1987). For the reasons set forth below, Medical Plan's Motion to Dismiss as to standing is denied with prejudice, and the balance of the Motion to Dismiss is denied without prejudice.

## C. Discussion

### i) *Arbitrary and Capricious*

Medical Plan's Motion to Dismiss for failure to state a claim upon which relief may be granted shall be treated as a motion for summary judgment and disposed of as provided in Rule 56 because matters outside the pleading were presented to and not excluded by the court. *See* Fed.R.Civ.P. 12(b).

Therefore, the issues raised in Medical Plan's Motion to Dismiss for failure to state a claim upon which relief may be granted will be discussed and considered in conjunction with this Court's disposition of Medical Plan's pending Motion for Summary Judgment.

### ii) *Standing*

■ Medical Plan contends that Section 502 of ERISA provides that a civil action may only be brought under ERISA by a plan "participant," "beneficiary," "fiduciary," or by the Secretary of Labor. Therefore, Medical Plan claims that because Children's Hospital is an "assignee" of the benefits under the Plan, it has no standing in the instant action. (Motion to Dismiss, p. 4, *citing Health Scan, Ltd. v. Travelers Ins. Co.,* 725 F.Supp. 268, 269 (E.D.Pa.1989)). This Court concludes that Medical Plan's contention lacks merit and must be denied.

As a preliminary matter, this Court recognizes that there is no binding authority which is dispositive of this particular ERISA-standing issue.[4] Additionally, this Court acknowledges that there is currently a division among the district courts of this circuit as to whether an assignee has standing to bring an ERISA claim. *See Allergy Diagnostics Lab. v. The Equitable,* 785 F.Supp. 523 (W.D.Pa. 1991) and *Nationwide Mut. Ins. Co. v. Teamsters Health & Welfare Fund,* 695 F.Supp. 181, 185 (E.D.Pa.1988) (an assignee does not have standing to bring an ERISA action.) *Contra Northwestern Inst. of Psychiatry v. Travelers Ins. Co.,* No. 92–1520, 1992 WL 236257 (E.D.Pa. Sept. 3, 1992), *on recons. in part,* 1992 WL 331521 (E.D.Pa. Nov. 3, 1992), *Winter Garden Medical Ctr. v. Montrose Foods Prods. of Pa., Inc.,* No. 91–2327, 1991 WL 124577 (E.D.Pa. July 3, 1991), *Albert Einstein Medical Ctr. v. National Benefit*

**4.** Medical Plan strongly urges this Court to adopt the language of the United States Court of Appeals for the Third Circuit's decision in *Northeast Dep't ILGWU Health & Welfare Fund v. Teamsters Local Union 229 Welfare Fund,* 764 F.2d 147, 154 n. 6 (3d Cir.1985) (hereinafter *"ILGWU"*) as binding and determinative on the issue of standing of an assignee under ERISA. (Memorandum in Support of Motion to Dismiss, pp. 9–10). Children's Hospital strongly urges that the court's decision in *ILGWU* is dicta, not dispositive, and should be ignored by this Court. (Brief in Opposition to Motion to Dismiss, pp. 5–6).

In *ILGWU,* the court was called upon to settle a dispute regarding which of two ERISA-qualified plans was responsible for medical services provided to an individual who was indisputably covered under the terms of both plans. *ILGWU,* 764 F.2d at 149–51. The plan participant, in *ILGWU,* did not at any point assign her rights for the benefit of either of the two plans. Therefore, any discussion of the effect of an assignment by the Third Circuit, in *ILGWU,* was dicta, and is not binding on this Court.

In *ILGWU,* the Third Circuit expressed, in a footnote, "serious doubts" whether a plan beneficiary could assign along with her substantive rights under ERISA, her right to sue in federal court. *ILGWU,* 764 F.2d at 154 n. 6 (citing *McSparran v. Weist,* 402 F.2d 867 (3d Cir.1968), *cert. denied Fritzinger v. Weist,* 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969). The serious doubts raised in *ILGWU* are not warranted in the instant action. In *McSparran,* the court held that a minor could not appoint an out-of-state guardian to manufacture diversity jurisdiction. Here, neither Children's Hospital nor Medical Plan assert that diversity jurisdiction exists. Additionally, because Medical Plan indicates that health care providers are to be paid directly, pursuant to the universal assignment provision, Medical Plan cannot allege that any assignment was made for jurisdictionally-related purposes. Therefore, *ILGWU's* "serious doubts" are inapplicable to the case at bar. *Cf. Albert Einstein Medical Ctr.,* 740 F.Supp. at 350 n. 4.

*Fund for Hosp. & Health Care Employees,* 740 F.Supp. 343 (E.D.Pa.1989) and *Hahnemann Medical College & Hosp. v. Stone,* No. 86–7059, 1987 WL 17568 (E.D.Pa. Sept. 24, 1987) (an assignee of a plan participant has standing to bring an ERISA cause of action against the Plan.)

This Court holds that Children's Hospital may be deemed a beneficiary, as defined by 29 U.S.C. § 1002(8), and as a result, has proper standing to bring this ERISA action. Section 1002(8) defines "beneficiary" as:

> a person [5] designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.

29 U.S.C. § 1002(8).

Medical Plan contends, in its Motion to Dismiss, that standing under ERISA does not extend to one who has taken an assignment from a plan participant. On the contrary, Children's Hospital asserts that it became an ERISA-beneficiary as a result of the assignment, as well as a result of the plan's universal assignment provision.[6] This Court agrees with Children's Hospital.

In reaching its decision, the Court relies on several well-reasoned decisions of various district courts in this circuit. *See Winter Garden Medical Ctr.,* 1991 WL 124577, **1–2 (health care provider became beneficiary under ERISA-regulated benefit plan as a result of an assignment because such assignment indicates a clear intent for the participant to designate the provider as a beneficiary for the purpose of section 1002(8) of ERISA). *See also Hahnemann Medical College & Hosp.,* 1987 WL 17568, *2 ("[i]f Congress had intended to create confusion and increased costs for ERISA beneficiaries by precluding the relatively simple assignment procedure so widely used in the health care industry, Congress would have said so in large black letters. There is nothing to that effect found in ERISA."); and, *Albert Einstein Medical*

*Ctr.,* 740 F.Supp. at 350 (in dicta, "... I believe that ERISA does not forbid assignment by a beneficiary of his right to reimbursement to a health care provider nor does it forbid an ERISA plan from reimbursing the health care provider directly.")

Based upon consideration of the plain language of the statute, as well as the relevant case law authority, this Court concludes that, as a result of the assignment of benefits and as a result of the universal assignment provision of the Medical Plan, Children's Hospital may be deemed a beneficiary as defined above, and may therefore assert a claim under ERISA. This approach to the interpretation of the statute is entirely consistent and faithful to the Third Circuit's instruction that the statute be accorded a narrow and literal construction. *Compare Northwestern Inst. of Psychiatry,* 1992 WL 236257, *4, *citing ILGWU,* 764 F.2d at 153 (section 1132(a) of ERISA must be read narrowly and literally.)

## D. Conclusion

For the above-mentioned reasons, Medical Plan's Motion to Dismiss for lack of standing is denied with prejudice. Additionally, Medical Plan's Motion to Dismiss for failure to state a claim upon which relief may be granted shall be treated as a motion for summary judgment and will be considered, and disposed of, in conjunction with this Court's disposition of Medical Plan's pending Motion for Summary Judgment.

## III. MOTIONS FOR SUMMARY JUDGMENT

### A. Introduction

Both parties to this litigation have Motions for Summary Judgment pending before this Court. Children's Hospital's position, in support of its motion, is that no genuine issue exists to any material fact that would support

---

**5.** "Person" means an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization. 29 U.S.C. 1002(9).

**6.** The plan's Universal Assignment provision states, *inter alia:*

> All claims will be made directly to the provider of the service ... unless the [participant] submits proof ... which reflects that the [participant] paid the provider directly.
> (Complaint, Exhibit A, p. 16).

Medical Plan's refusal to pay the hospital bill of Jennifer Hood.[7] (Children's Hospital's Motion for Summary Judgment, ¶ 26). Particularly, Children's Hospital contends that: (1) Medical Plan does not require that a Dependent Enrollment Form be completed in order for a newborn to be covered for the first thirty-one (31) days of life, (2) Medical Plan does not require that a parent enroll a dead child, (3) Medical Plan acted improperly in the administration of this matter as it has inconsistently applied the Medical Plan's provision regarding the enrollment of newborns, and (4) Medical Plan should be estopped from denying coverage based upon their actions. (Children's Hospital's Motion for Summary Judgment, ¶ 26).

Medical Plan, in its Motion for Summary Judgment, asserts that it is entitled to summary judgment because: (1) As a matter of law, and based on undisputed facts, the conduct of its trustee was neither arbitrary nor capricious, (2) Mr. Hood's failure to properly enroll Jennifer Hood in the plan precludes coverage, and (3) ERISA preempts Children's Hospital's estoppel claim.

## B. Standard of Review

In interpreting Rule 56 of the Federal Rules of Civil Procedure,[8] the United States Supreme Court has ruled:

> The plain language ... mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to material fact, since a complete failure of proof concerning an essential element of the non-moving

party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

An issue of material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The Court must view the facts in a light most favorable to the non-moving party and the burden of establishing that no genuine issue of material fact exists rests with the movant. *Id.* at 242, 106 S.Ct. at 2505. The "existence of disputed issues of material fact should be ascertained by resolving 'all inferences, doubts and issues of credibility against the moving party.'" *Ely v. Hall's Motor Transit Co.,* 590 F.2d 62, 66 (3d Cir.1978), *quoting Smith v. Pittsburgh Gage & Supply Co.,* 464 F.2d 870, 874 (3d Cir. 1972).

## C. Discussion

### i. *Children's Hospital*

■ For the following reasons, this Court finds that there exists a genuine issue of material fact, and therefore denies Children's Hospital's Motion for Summary Judgment, in its entirety.

The gravamen of this dispute is whether Jennifer Hood was enrolled in the Medical Plan at the time of her death so as to require Medical Plan to make payment for reasonable medical services incurred by Children's Hospital. The relevant plan provision states:

> a Newborn child of an Associate will be covered from the moment of birth provided that the Associate enrolls the child for

---

7. Children Hospital also asserts, in it Motion for Summary Judgment, that it is entitled to attorney's fees and costs. As Children's Hospital articulated in its brief in support of its motion, this Court may, in its discretion, allow reasonable attorney's fee in any action under ERISA by a beneficiary of an ERISA plan. (Children's Hospital's Brief in Support, pp. 17–18) (citing 29 U.S.C. § 1132(g)). Because this Court has determined that a genuine issue of material fact exists, and thereby will deny Children's Hospital's Motion for Summary Judgment, this Court also de-

nies Children's Hospital's request for fees and costs.

8. Fed.R.Civ.P. 56, in pertinent part, reads as follows:

> [Summary Judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

such coverage within thirty-one days of the child's date of birth.

(Record in Support of Children's Hospital's Motion for Summary Judgment, p. 11).

Children's Hospital accurately points out that "enroll" is not defined in the plan's "Definition of Key Words" provision. (Record in support, pp. 13–16). Additionally, Children's Hospital makes reference to the plan's sample Dependent Enrollment Form which provides:

> [t]his form is to be completed within 31 days of addition of a dependent(s) *i.e.* (marriage, birthdate) or employee and dependent(s) (if applicable) will be subject to pre-existing condition limitations in the Plan and will have to furnish proof of good health which is satisfactory to the Plan before coverage will be *extended.*

(Record in support, p. 24) (emphasis supplied).

Children's Hospital first asserts, in support of its Motion for Summary Judgment, that it is undisputed that Medical Plan does not require that a Dependent Form be completed in order to be covered for the first thirty-one (31) day of life. It is clear to this Court that such a contention is not undisputed and therefore insufficient to support summary judgment. To the contrary, after reading the extensive record produced by both parties in this litigation, this Court is confident that a genuine issue of material fact exists as to how a plan participant is to properly enroll a newborn. In addition, this Court is also confident that a genuine issue of material fact exists as to the effect on coverage during the newborns first 31 days of life, in the event that the participant fails to "properly" enroll the newborn. That is to say, an ambiguity exists as to the meaning of the word "extend" in the Dependent Enrollment Form. Thus, the interpretation of an ambiguous plan provision is a question of fact which precludes summary judgment.

Therefore, for the reasons expressed directly above, Children's Hospital's second basis for summary judgment (*i.e.*, that the Medical Plan does not require that a parent enroll a dead child) is equally a disputed genuine issue of material fact.

Children's Hospital's third basis for summary judgment is the most compelling, yet must also be set aside as a result of a disputed genuine issue of material fact. Children's Hospital sets forth allegations of inconsistent administration of the plan provision at issue.[9] Because this Court has determined that a definite disputed fact exists as to what the plan's eligibility requirements mean and how the trustee is to properly administer those eligibility requirements, this Court cannot determine that the prior administration of the eligibility provision was inconsistent with the Plan's requirements.

Lastly, Children's Hospital contends that it is entitled to summary judgment because Medical Plan is estopped from denying coverage based on Medical Plan's actions. For the reasons to be set forth more fully in this Court's discussion of Medical Plan's Motion for Summary Judgment, any "claim" based on estoppel, equitable or promissory, is preempted by ERISA, and is not sufficient to support summary judgment.

ii. *Medical Plan*

 Medical Plan, throughout the dispute, has contended that the conduct of its trustee, as a matter of law, was neither arbitrary nor capricious. Medical Plan accurately states that a plaintiff who challenges a denial of benefits by a fiduciary of an employee benefit plan must establish that the fiduciary's decision was arbitrary and capricious. (Motion to Dismiss, p. 3, Response Memorandum in Opposition to Children's Motion for Summary Judgment, p. 18, *citing Gaines v. Amalgamated Ins. Fund,* 753 F.2d 288, 289 (3d Cir.1985)). Furthermore, Medical Plan asserts that when the trustee has consistently and literally followed an unam-

---

9. Children's Hospital submits that Medical Plan did not apply its thirty-one (31) day requirement of completing Dependent Enrollment Forms on a uniform basis. (Children's Hospital's Brief in Support of Motion for Summary Judgment, pp. 13–15). Specifically, Children's Hospital alleges that Medical Plan made exceptions and allowed coverage where parents had not completed a Dependent Enrollment Form or had completed the Dependent Enrollment Form late. (Children's Hospital's Brief in Support of Motion for Summary Judgment, p. 15).

biguous benefit eligibility requirement set forth in an employee benefit plan, that action cannot be deemed arbitrary and capricious (unless enforcement would violate federal law or policy). (Memorandum in Support of Motion to Dismiss, pp. 3–4, Response Memorandum in Opposition to Children's Motion for Summary Judgment, p. 18, *citing District 2, United Mine Worker of Am. v. Helen Mining Co.*, 762 F.2d 1155, 1160 (3d Cir.), *cert. denied*, 474 U.S. 1006, 106 S.Ct. 527, 88 L.Ed.2d 459 (1985)).

While this Court agrees with Medical Plan's statement of the law, it cannot conclude that, either as a matter of law or as a result of undisputed material facts, Medical Plan is entitled to summary judgment. Specifically, as further detailed in this Court's discussion of Children's Hospital's Motion for Summary Judgment, this Court finds that there exists a disputed issue of material fact as to whether the trustee consistently and literally applied the terms of the plan. Additionally, the Court finds that Medical Plan's eligibility requirement for newborns is ambiguous. Therefore, this Court is unable, at this time, to find that the trustee consistently and literally applied an unambiguous term.

Next, Medical Plan claims that Mr. Hood's failure to enroll Jennifer Hood precludes coverage. This conclusion is unsubstantiated by any undisputed fact. To the contrary, this Court finds that there exists a disputed material issue of fact as to whether Jennifer Hood was enrolled in the Plan. Therefore, this contention is meritless in support of summary judgment.

■ While Children's Hospital's complaint does not set-off a separate cause of action based on estoppel, Children's Hospital asserts that, in fact, it has properly made out its "claim on equitable estoppel." (Children's Hospital's Brief in Support of Motion for Summary Judgment, p. 16). Medical Plan asserts that any estoppel claim asserted by Children's Hospital is preempted by ERISA. *See* 29 U.S.C. § 1144(a). *See also Shiffler v. Equitable Life Assurance Soc. of United States*, 838 F.2d 78 (3d Cir.1988). This Court agrees that ERISA preempts the estoppel claim asserted by Children's Hospital, and it does not deem it necessary to evaluate the validity of such a cause of action.

### D. Conclusion

For the above-mentioned reasons, Children's Hospital's Motion for Summary Judgment is denied, in its entirety. Additionally, Medical Plan's Motion for Summary Judgement is denied, in its entirety, except to the extent that Children's Hospital attempts to assert a estoppel claim against Medical Plan. To that extent only, this Court will grant partial summary judgment in favor of Medical Plan and otherwise will deny both parties requested relief.

An appropriate order will be entered.

### ORDER

AND NOW, this 10th day of June, 1993, it is hereby ORDERED that: 1) Defendant 84 LUMBER COMPANY MEDICAL BENEFITS PLAN's Motion to Dismiss (Document No. 2) as to standing is DENIED with prejudice, and the balance of the Motion to Dismiss is DENIED without prejudice; 2) Defendant 84 LUMBER COMPANY MEDICAL BENEFITS PLAN's Motion for Summary Judgment (Document No. 11) is GRANTED IN PART as to Children's Hospital of Pittsburgh's claim based on equitable estoppel and is otherwise DENIED; and, 3) Plaintiff Children's Hospital of Pittsburgh's Motion for Summary Judgment (Document No. 13) is DENIED.