Edward F. Russell, Philadelphia, Pa., for plaintiff.

William Goldstein, Philadelphia, Pa., for defendant.

## ALBERT EINSTEIN MEDICAL CENTER

v.

## ACTION MANUFACTURING COMPANY.

### Civ. A. 88–3685.

United States District Court, E.D. Pennsylvania.

Oct. 20, 1988.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

This memorandum will address the two pending motions in this matter—plaintiff's petition to remand to state court and defendant's motion to dismiss.

Plaintiff brought this action in state court to recover the cost of medical services rendered to a beneficiary of defendant's employee benefit plan, Ms. Erna Vucetic, deceased. Plaintiff claims to have provided $313,940.07 worth of services to Ms. Vucetic during the two months in which she received inpatient care at the Albert Einstein Medical Center ("Medical Center").

The gravamen of plaintiff's complaint is that the defendant represented to plaintiff that it would "pay all charges for all services rendered [to Ms. Vucetic] at the Medical Center" but later refused to do so. Plaintiff's Complaint, ¶ 17. The claim is pleaded under Pennsylvania common law on a theory of estoppel.

Defendant contends that its employee benefit plan ("Action Manufacturing Company Group Health and Accident and Sickness Plan") provided for a lifetime maximum medical benefit of $250,000, and that it is not liable to the Medical Center for charges in excess of its beneficiary's coverage.

Defendant removed this case to federal court on the basis that plaintiff's estoppel action was preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. In its petition to remand, plaintiff contends that its claim is only tenuously related to ERISA because it focuses not on the terms of the benefit plan but on the promises made by the plan's agents to personnel at the Medical Center. Plaintiff also seeks to have this action consolidated with plaintiff's suit in Philadelphia Common Pleas Court against Ms. Vucetic's husband, Mr. Peter Vucetic, in which plaintiff seeks collection on Ms. Vucetic's medical bill.

Plaintiff's petition to remand to state court raises two issues: whether ERISA preempts the plaintiff's state common law claim against the defendant and, if so, whether the defendant can remove plaintiff's claim to federal court on the basis of its federal preemption defense.

*ERISA Preemption*

ERISA's preemption clause, § 514, 29 U.S.C. § 1144, states in part that ERISA's provisions "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" described in the statute. The Supreme Court has construed ERISA's preemption provision broadly, holding that § 514 preempts both state statutory and common law causes of action that "relate to" employee benefit plans. *See Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987); *see also Shiffler v. Equitable Life Assurance Society,* 838 F.2d 78, 81 (3d Cir.1988).[1]

Despite the breadth of ERISA's preemption provision, and the scope given that provision by the Supreme Court, the claim asserted in this case does not "relate to" an employee benefit plan within the meaning of § 514. The plaintiff in this action is not an aggrieved participant or beneficiary of defendant's plan. Nor is the plaintiff suing as a third-party beneficiary of the plan, claiming that the terms of the plan require payment for the services it rendered. In fact, the plaintiff's cause of action does not in any sense turn on an interpretation of the rights of a beneficiary under the plan. Rather, the complaint alleges that the agents of defendant's employee benefit plan misrepresented that the plan would cover the expenses of one of its beneficiaries. The estoppel claim is thus independent of the defendant's *actual* obligations under the benefit plan. *Cf. Friends Hospital v. Shaw,* Civil No. 87–1593, slip op. at 7 (E.D.Pa. June 17, 1987) [available on WESTLAW, 1987 WL 12755] (finding "unrelated to the benefit plan" suit by medical facility to collect charges in excess of coverage from plan beneficiary).

Both of the cases cited by defendant in support of its preemption claim involved state common law actions brought by actual beneficiaries—employees who claimed rights to benefits pursuant to the terms of their benefit plans. *See* Defendant's Memorandum at 7–9 (citing *Holland v. Burlington Industries,* 772 F.2d 1140 (4th Cir. 1985); *Blau v. Del Monte Corporation,*

---

1. In *Pilot,* the Court found the plaintiff-beneficiary's claim to be preempted because "the common law causes of action raised in [the] complaint [were] based on alleged improper processing of a claim for benefits under an employee benefit plan." 107 S.Ct. at 1553. The Court declared that such claims "undoubtedly meet the criteria for pre-emption" under ERISA. *Id.* In *Shiffler,* the Third Circuit, relying on *Pilot,* held plaintiff-beneficiary's suits against two insurance plans preempted by ERISA.

748 F.2d 1348 (9th Cir.1984)). The case for preemption is much weaker in this context, in which the claim is not based on a right related to plaintiff's statutory protections under ERISA. In addition, the congressional purpose underlying the breadth of ERISA's preemption provision—to secure uniform federal laws regulating employee benefit plans [2]—is not advanced by preemption of state common law claims which are not premised on a violation of duties imposed by ERISA.

Since plaintiff's claim is not preempted by ERISA, there is no basis for characterizing plaintiff's suit as one arising under federal law and hence removable.[3]

Because plaintiff's petition to remand will be granted, defendant's motion to dismiss is not properly before this court.

These rulings are reflected in the accompanying order.

## ORDER

For the reasons stated in the accompanying Memorandum, plaintiff's Petition to Remand to State Court is GRANTED and defendant's Motion to Dismiss is denied as MOOT.

---

**2.** *See, e.g., Mid America Hotel Corporation v. Bernstein,* 664 F.Supp. 384, 386 (N.D.Ill.1987).

**3.** Whether a finding of preemption would be ground for removal is an issue that need not be resolved. The precise question would be whether a finding of preemption would bring this claim within the narrow removability rubric established recently by the Supreme Court in *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 1546–47, 95 L.Ed.2d 55 (1987). Although the defense of federal preemption is ordinarily insufficient to authorize removal of state-based claims to federal court, in *Metropolitan Life* the Supreme Court held that the civil enforcement provisions of ERISA, § 502(a), 29 U.S.C. § 1132(a), permit a defendant to remove a state law cause of action, preempted by ERISA, by recharacterizing the state law complaint as an action arising under federal law. 107 S.Ct. 1542, 1546–47. This decision created a rare exception to the general rule that permits a plaintiff to remain in state court so long as her well-pleaded complaint does not raise an issue of federal law. This unusual device for removal was developed first in *Avco Corp. v. Machinists,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), which singled out claims preempted by § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 as eligible for removal notwithstanding the long-observed principle "that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) (citing *Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936)).

In permitting defendants to remove state causes of action to federal court by raising the defense of ERISA preemption, *Metropolitan Life* seems to have confined itself to suits brought *to collect benefits* pursuant to ERISA plans. *See Friends Hospital v. Shaw, supra,* slip op. at 7. In discussing the legislative history of the enforcement provisions, the Court found that it was Congress's "clear intention to make § 502(a)-(1)(B) suits *brought by participants or beneficiaries* federal questions for the purposes of federal court jurisdiction." 107 S.Ct. at 1547 (emphasis added). In addition, the portion of the legislative history cited in *Metropolitan Life* provides that *"suits to enforce benefit rights under the plan or to recover benefits under the plan"* are to be regarded as "arising under" the laws of the United States. 107 S.Ct. at 1547 (citing H.R.Conf.Rep. No. 93–1280, p. 327 (1974)) (emphasis added).

These passages suggest that both Congress and the Supreme Court view the civil enforcement provisions as permitting removal only in suits that could be brought pursuant to those provisions, which restrict private actions to plan beneficiaries, fiduciaries, or participants. *See* § 502, 29 U.S.C. § 1132. Hence, plaintiff's suit, which could not have been brought under ERISA's civil enforcement provisions, is not of the type on which Congress seems to have intended to confer the "extraordinary preemptive power" of removal.

As discussed above, the plaintiff in this case does not seek vindication of rights under a benefit plan. Thus, the rationale for my holding that plaintiff's claim is not "related to" ERISA for preemption purposes—namely, that plaintiff's action does not turn on an interpretation of rights under an ERISA plan—would suggest that a suit like the present one should not be regarded as removable under *Metropolitan Life.*