**BENEFAX CORPORATION, Max L. Underwood, Edie Harden and Thomas M. Glogower, Plaintiffs,**

v.

**Elizabeth P. WRIGHT, Commissioner, Commonwealth of Kentucky Department of Insurance, Defendant.**

**Civ. A. No. C90–0454–L(J).**

United States District Court, W.D. Kentucky, Louisville Division.

Dec. 14, 1990.

---

M. Stephen Pitt, Wyatt, Tarrant & Combs, Louisville, for plaintiffs.

Patrick Watts and Suetta Dickinson, Com. of Ky., Dept. of Insurance, Frankfort, for defendant.

Shelby J. Hoover, Jones, Day, Reavis & Pogue, Washington, D.C., amicus curiae for Charter Network Co.

## MEMORANDUM OPINION

JOHNSTONE, District Judge.

This matter is before the court on plaintiffs' motion for summary judgment on the grounds that the Employee Retirement Income Security Act of 1974, ("ERISA") 29 U.S.C. § 1001 *et seq.*, preempts KRS 304.9–051 and 304.9–052 under which the defendant, Commissioner of the Kentucky Department of Insurance ("Commissioner") is attempting to regulate plaintiffs' activities. Finding that these statutes do not relate to an ERISA employee benefit plan and are not, in the context of this lawsuit, preempted by ERISA, plaintiffs' motion for summary judgment is denied.

## I. BACKGROUND

Plaintiff, BeneFax Corporation, is a Kentucky Corporation organized and existing for the purpose of serving as a third-party administrator for employee benefit health plans. Plaintiffs Max Underwood, Edie Harden and Thomas Glogower are licensed third-party "administrators" each owning one-third of the outstanding capital stock in and each serving as an officer of BeneFax.

In July, 1990 the Commissioner entered an order directing plaintiffs to cease doing business as third-party administrators, directing Underwood, Harden and Glogower to surrender their existing administrator licenses, and refusing to issue an administrator license to BeneFax. In support of the position taken in her order, the Commissioner concluded that plaintiffs failed to meet the requirements for holding an administrator license under KRS 304.9–052 since Underwood, Harden and Glogower were previously associated with National Benefit Administrators, Inc. ("NBA") and National Business Association Trust ("NBAT") coupled with the fact that BeneFax now services former NBA and NBAT clients. NBA and NBAT have been and are currently involved in litigation with the Commissioner and have ceased doing business in the Commonwealth.

In response to the action taken by the Commissioner, plaintiffs filed this action seeking declaratory and injunctive relief with the stated goal of prohibiting the Commissioner from adversely affecting their ability to conduct business as administrators in Kentucky. In support of their position, plaintiffs contend that the Com-

missioner has no authority to regulate their activities pursuant to the Kentucky administrator licensing statutes, KRS 304.9–051 and 304.9–052, since they act solely as third-party administrators for self-funded employer health insurance plans. Therefore, argue plaintiffs, the Commissioner has neither the authority to require that they be licensed as administrators nor the authority to prohibit them from conducting business as third-party administrators in the Commonwealth since their activities are subject to and governed exclusively by ERISA and the statutes under which the Commissioner purports to find her authority are preempted by ERISA. 29 U.S.C. § 1144(a).

The parties have filed comprehensive briefs, presented oral arguments in support of their respective positions and have resolved their dispute over the propriety of injunctive relief. The issues which the parties have been unable to resolve and which are currently before the court for consideration are:

1. Whether plaintiffs' activities fall within those described in KRS 304.9–051 and KRS 304.9–052;

2. Whether, to the extent plaintiffs' activities are within the reach of these statutes, such statutes "relate to" an employee welfare benefit plan and are, therefore, preempted by ERISA, 29 U.S.C. § 1144(a); and

3. Whether, to the extent these statutes are preempted by ERISA, such statutes are saved from preemption (a) under the ERISA "savings clause," 29 U.S.C. § 1144(b)(2)(A) or (b) based on the allegation that plaintiff Benefax is an alter ego of a multiple employer welfare arrangement.

## II. ANALYSIS

### A. Applicability of KRS 304.9–051 AND 304.9–052 To Plaintiffs Activities in Kentucky

KRS 304.9–051 defines an "administrator" as:

[A] person who collects charges or premiums from or who adjusts or settles claims on, residents of this state in con-

nection with ... health insurance ... plans.

KRS 304.9–052(1) provides:

No person shall in this state be, act as, or hold himself out to be an administrator unless then licensed as an administrator by the commissioner.

■ Plaintiffs argue that, as third-party administrators, their activities are limited to processing claim forms for client plans. Based upon this somewhat ministerial role, plaintiffs contend that they have no authority to adjust or settle claims nor do they have an obligation to collect charges or premiums from individual insureds.

The activities which plaintiffs are authorized to engage include (1) providing consulting services to employee benefit plans, (2) making or arranging for the payment of claims from funds available to the plans, (3) exercising full responsibility for the approval of claims under the plan, and (4) arranging for the purchase of insurance to provide benefits to the plans. These services, most particularly the ability to exercise full responsibility for the approval of claims, fall within the types of services conducted by an administrator under KRS 304.9–051. Accordingly, plaintiffs argument that the Kentucky "administrator" licensing statutes do not, as a matter of law, apply to their activities is rejected.

### B. ERISA Preemption

Having determined that KRS 304.9–051 and 304.9–052 are applicable to plaintiffs, the remaining issues before the court are whether and to what extent these statutes and the Commissioners attempt to regulate plaintiffs through these statutes are preempted by ERISA.

29 U.S.C. § 1144(a) provides, in pertinent part:

Except as provided in subsection (b) of this section, the provisions of this title IV shall supersede any and all State laws insofar as they may now or hereafter *relate to any employee benefit plan* described in section 4(a) [29 U.S.C.S. § 1003(a)] and not exempt under section 4(b) [29 U.S.C.S. § 1003(b)]. (*emphasis added*).

The phrase "relate to" has been construed broadly to preempt those state laws which, "in the normal sense of the phrase, [have] a connection with or reference to such plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983).

The United States Supreme Court has held that the choice of words employed by Congress in 29 U.S.C. § 1144 is crucial in determining the scope of ERISA preemption. In *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987) the Court held that a state statute requiring employers to provide one time severance pay benefits was not preempted since ERISA preempts only those state laws which relate to an employee benefit *plan* (as opposed to those laws which relate to benefits) and a requirement that employers pay a one-time severance benefit does not "relate to" an employee benefit plan since such law imposed no continuing administrative obligation.

■ In addition to the requirement that a state law "relate to" an employee benefit plan before it is subject to ERISA preemption, the state law must relate to such a plan in a manner which is not tenuous or remote. In *Shaw v. Delta Air Lines, supra*, the Court created an exception to ERISA's preemptive effect on state laws by excluding from preemption those state laws which have a "tenuous, remote, or peripheral" effect on an ERISA plan. This exception was recognized and discussed by the Sixth Circuit Court of Appeals in *Firestone Tire & Rubber Co. v. Neusser*, 810 F.2d 550, 553–56 (6th Cir.1987). In *Firestone*, the Court held that a municipal ordinance imposing an income tax of general application on employees without regard to their status as ERISA participants was not preempted by ERISA since (1) the ordinance was not directed towards an ERISA plan, (2) the ordinance represents a traditional exercise of state authority, and (3) the ordinance did not affect relations among the principal ERISA entities—the employer, the plan, the plan fiduciaries and the beneficiaries.

■ Based upon the above analysis, before the court is required to address the issue of whether KRS 304.9–051 and 304.9–052 are in some way "saved" from preemption under 29 U.S.C. 1144(b)(2)(A) (saving those state laws which regulate insurance), it must first conclude that these statutes "relate to" an employee benefit plan within the meaning of 29 U.S.C. § 1144(a) in a manner which is not tenuous, remote, or peripheral.

The statutes in issue require that any person or entity, prior to serving as an administrator in Kentucky, secure from the Commissioner an administrator license. The Commissioner has the authority to refuse to issue an administrator license to any person who fails to meet the standards set forth in KRS 304.9–052(2)[1]. Further, the Commissioner may suspend, revoke or impose conditions upon the continuance of a previously issued administrator license if, after notice to the licensee and a hearing, the Commissioner determines that one of several enumerated causes exist.[2]

1. KRS 304.9–052 provides that the Commissioner shall not issue, continue or permit to exist any administrator license for any person unless such person demonstrates to the satisfaction of the Commissioner that he or she is 21 years of age, competent, trustworthy, reliable, maintains a good reputation, has attained an acceptable level of education, is financially responsible, has never had a license issued by the Commissioner terminated for cause and has paid the fee prescribed by law. If a corporation or firm is seeking to act as an administrator, each person authorized to act on behalf of the corporation or firm under the administrator license must hold an administrator license.

2. KRS 304.9–440 sets forth the circumstances under which the Commissioner may suspend or revoke an administrator license. Such circumstances include willful violation of or noncompliance with any law, regulation or order of the Commissioner, obtaining or attempting to obtain a license through misrepresentation or fraud, misappropriation of moneys belonging to policyholders, insurers, beneficiaries or others received in the conduct of business under the license, material misrepresentation of the terms of any actual or proposed insurance contracts, conviction of a felony involving moral turpitude, the use of fraudulent, coercive or dishonest practices in connection with business conducted under the license, or incompetence, financial irresponsibility or acts resulting in injury and loss to the public.

The administrator licensing statutes apply to all persons acting as administrators in Kentucky without regard to whether such persons provide services exclusively to ERISA plans or non-ERISA plans or to persons who service both ERISA and non-ERISA plans. These statutes do not "relate to" ERISA employee benefit plans any more than licensing statutes for other individuals such as attorneys, physicians, chiropractors or accountants who may, in the course of their business service ERISA plans or who may service ERISA plans exclusively. The licensing statutes are not directed towards any particular plan or towards employee benefit plans in general. Instead, the Commonwealth of Kentucky is focusing its regulatory authority towards the conduct of administrators without regard to whether such administrators service ERISA employee benefit plans.

In addition, to the extent the licensing statutes in some way affect an ERISA plan, such an effect is, at best, tenuous, remote and peripheral. Specifically, under the criteria set forth by the Sixth Circuit Court of Appeals in *Firestone Tire & Rubber Co. v. Neusser, supra,* the licensing statutes are not directed towards an ERISA plan, represent a traditional area of state authority and do not affect the relationship between principal ERISA entities other than to determine who can or cannot serve as an administrator. Accordingly, notwithstanding the fact that the Kentucky administrator licensing statutes do not "relate to" an ERISA employee benefit plan within the meaning of 29 U.S.C. § 1144, the court is of the opinion that the licensing statutes would, in any event, fall within the tenuous, remote and peripheral exception to ERISA preemption. Having so ruled, it is unnecessary for the court to address the issue of whether Benefax is an alter ego of a multiple employer welfare arrangement or whether the licensing statutes are saved from preemption under 29 U.S.C. § 1144(b)(2)(A).

For the reasons stated, plaintiffs' motion for summary judgment is denied. Further, in light of the fact that this memorandum opinion addresses the issues raised in plaintiffs' complaint, albeit in a manner contrary to the result sought by plaintiffs, it appears that all issues presented to the court have been resolved. Therefore, this action is dismissed.