**CARL COLTERYAHN DAIRY,
INC., Plaintiff,**

v.

**WESTERN PENNSYLVANIA TEAMSTERS AND EMPLOYERS PENSION FUND, et al., Defendants. (Two Cases)**

Civ. A. Nos. 86–2428, 87–1462.

United States District Court,
W.D. Pennsylvania.

Feb. 25, 1992.

Richard B. Sandow, Pittsburgh, Pa., for plaintiff.

Henry M. Wick, Jr., David M. Neuhart, Patrick Murphy, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

LEWIS, District Judge.

Plaintiff Carl Colteryahn Dairy, Inc. ("Colteryahn") challenges the withdrawal liability assessment imposed against it when it withdrew as a contributing employer to the Western Pennsylvania Teamsters and Employers Pension Fund (the "Fund"). Three different civil actions stemming from this withdrawal are pending before this court. At the two above-captioned cases, Colteryahn has sued the Fund and its trustees, accountants and actuaries, alleging that it was fraudulently induced to accede to a merger of the Fund with another plan, that the Fund improperly calculated the withdrawal liability assessment imposed, and that the defendants breached certain state common law contract and tort duties owed to plaintiff. At Civil Action No. 88–1545, Colteryahn appeals an arbitrator's decision that the withdrawal liability assessment was properly calculated.[1]

The facts of the cases currently before this court are set forth in detail in an opinion handed down by the United States Court of Appeals for the Third Circuit.[2] *Carl Colteryahn Dairy, Inc. v. Western Pennsylvania Teamsters and Employers Pension Fund, et al.*, 847 F.2d 113 (3d Cir.1988) (*Colteryahn I*). On remand, this court's first task is to determine whether the state law claims asserted by plaintiff are preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (1982) ("ERISA"). *See Colteryahn I,* 847 F.2d at 115–116 (court reverses district court's dismissal of state law claims and "remand[s] for a determination of whether those claims are preempted by ERISA").

The state law claims referred to in the Third Circuit's opinion are listed at Counts 5 through 9 of the complaint filed at Civil Action No. 86–2428. Specifically, plaintiff alleges the following state law causes of action:

---

1. Civil Action No. 88–1545 has been submitted to the court on cross-motions for summary judgment.

2. In actuality, the Third Circuit opinion only dealt with the case which bears Civil Action No. 86–2428 in this court. After the district court dismissed the complaint at Civil Action No. 86–2428, Colteryahn filed a complaint in state court containing substantially the same allegations but seeking relief solely upon state law grounds. That case, which is duplicative of the case at Civil Action No. 86–2428, was removed and is now pending before this court at Civil Action No. 87–1462. Thus, although the Third Circuit reviewed only the pleadings and briefs filed at Civil Action No. 86–2428, its opinion effectively summarizes the facts of both cases.

Count V: Breach of contract against the trustees and the Fund;

Count VI: Breach of contract against the accountants and actuaries;

Count VII: Misrepresentation against all defendants;

Count VIII: Negligence against all defendants;

Count IX: Civil conspiracy against all defendants.

For the following reasons, this court concludes that some of the state law claims asserted by plaintiff are preempted and some are not.

## I. ERISA Preemption in General

Section 514(a) of ERISA, 29 U.S.C. § 1144(a), preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. The term "State law" includes "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." ERISA § 514(c)(1), 29 U.S.C. § 1144(c)(1).

Congress intended that ERISA, a comprehensive statute designed to promote the interests of employees and their beneficiaries in benefit plans, would establish pension plan regulation as an exclusively federal concern. *Ingersoll–Rand Co. v. McClendon,* 498 U.S. ——, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). *See Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987); *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 90, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983). "The pre-emption clause is conspicuous for its breadth." *FMC Corp. v. Holliday,* 498 U.S. ——, ——, 111 S.Ct. 403, 407, 112 L.Ed.2d 356, 364 (1990).

■ Accordingly, a law "relates to" an employee benefit plan, and thus is preempted by ERISA, "if it has a connection with or reference to such a plan." *Shaw,* 463 U.S. at 96–97, 103 S.Ct. at 2900. Congress used this term in a broad sense, rejecting more limited preemption language which would have resulted in preemption of only state laws relating to specific subjects covered by ERISA. *Ingersoll–Rand,* 498 U.S.

at ——, 111 S.Ct. at 482–83, 112 L.Ed.2d at 483. Thus, a state law may be preempted even if it is not specifically designed to affect employee benefit plans, or if its effect on such plans is indirect. *Id.* 498 U.S. at ——, 111 S.Ct. at 483, 112 L.Ed.2d at 484.

■ ERISA preemption is not without limits, however. A generally applicable state law implicating an area of traditional state concern which makes no reference to, and, in fact, functions irrespective of, ERISA plans is not preempted. *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enterprises, Inc.,* 793 F.2d 1456, 1465–68 (5th Cir.1986) (citing cases). *See Fort Halifax Packing Co., Inc. v. Coyne,* 482 U.S. 1, 19, 107 S.Ct. 2211, 2221, 96 L.Ed.2d 1 (1987) ("If a State creates no prospect of conflict with a federal statute, there is no warrant for disabling it from attempting to address uniquely local social and economic problems.").

Further, some state actions affect employee benefit plans "in too tenuous, remote, or peripheral a manner" to warrant finding that they "relate to" a plan. *Shaw,* 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21. In fact, in *Mackey v. Lanier Collections Agency & Service, Inc.,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), the Supreme Court noted that "lawsuits against ERISA plans for run-of-the-mill state law claims such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan ... are relatively commonplace." 486 U.S. at 833, 108 S.Ct. at 2187.

■ Similarly, laws which relate to employee benefits but have no impact on any ERISA employee benefit *plan* are not preempted. *Fort Halifax Packing Co.,* 482 U.S. at 16, 107 S.Ct. at 2219–20. Rather, preemption is often applied to ensure that benefit plans will be governed by only a single set of regulations, rather than a patchwork scheme of regulation which would vary state-by-state and render inefficient benefit program operation. *Id.* at 11, 107 S.Ct. at 2217.

That a state law is consistent with ERISA's intent and substantive requirements will not save it from preemption. *Ingersoll–Rand*, 489 U.S. at —, 111 S.Ct. at 483, 112 L.Ed.2d at 484. It is clear, however, that to the extent that a state law directly conflicts with a cause of action available under ERISA, that state law cause of action is preempted. *Id.* 489 U.S. at —, 111 S.Ct. at 484–85, 112 L.Ed.2d at 486; *Pane v. RCA Corp.*, 868 F.2d 631, 635 (3d Cir.1989). Even in the absence of a conflict, state law causes of action which would result in recovery of the same damages as could be recovered through an ERISA cause of action are preempted, even if they would permit recovery of damages in addition to those available under ERISA. *Pane*, 868 F.2d at 635; *McMahon v. McDowell*, 794 F.2d 100 (3d Cir.1986). To the extent that the state law at issue either does not impact upon the administration or operation of an ERISA plan or affects it only tenuously, the state claim may not be preempted, however.

## II. Factually Apposite Cases

While defendants have concentrated upon setting forth those decisions which outline the broad parameters of ERISA preemption, the cases cited by plaintiff involve the same types of causes of action as are at issue in this case. In particular, plaintiff cites numerous cases in which courts have ruled that state-law claims of negligent and fraudulent misrepresentation were not preempted by ERISA. A brief review of most of these cases follows.

In *Perry v. P*I*E Nationwide, Inc.*, 872 F.2d 157 (6th Cir.1989), for example, plaintiffs were employees of the defendant, P*I*E Nationwide ("P*I*E"). In the fall of 1985, in an effort to improve its financial condition, P*I*E offered certain eligible employees an opportunity to participate in an employee stock investment plan (the "SIP"). Plaintiffs elected to participate and consented to a wage reduction in order to purchase the stock offered to them. Plaintiffs later sought rescission or damages, claiming that they were fraudulently induced to participate in the plan. Because the plan was governed by ERISA, P*I*E

moved to dismiss plaintiffs' state law causes of action, claiming preemption.

The United States Court of Appeals for the Sixth Circuit ruled that plaintiffs' claims of breach of fiduciary duty and of lack of consideration for the SIP undertaking were preempted by ERISA, the first "because ERISA provides a specific remedy for breach of fiduciary duty with respect to establishment of an ERISA plan" and the second because the claim was "so inherently and directly related to the SIP that it is preempted by ERISA." *Perry*, 872 F.2d at 161.

The court held, however, that "[t]he more difficult claims relate to fraud, misrepresentation, coercion, and promissory estoppel with respect to obtaining plaintiffs' agreement to participate in the SIP and acceptance of an irrevocable pay cut." Despite there being "respectable authority for positions taken by both parties in this case concerning preemption of state common law claims of fraud, misrepresentation, and promissory estoppel," the court ruled that these claims were not preempted because "preemption should apply to a state law claim only if Congress has provided a remedy for the wrong or wrongs asserted." *Id.* at 162. Because the court found that 29 U.S.C. § 1132 (the civil enforcement provisions of ERISA) afforded plaintiffs no adequate remedy for the wrongs asserted, it found no preemption.

In *Perkins v. Time Insurance Co.*, 898 F.2d 470 (5th Cir.1990), the plaintiff asserted that an independent insurance agent, one of the defendants in the case, misrepresented the scope of coverage which would be afforded to him and his family under an insurance plan offered by co-defendant Time Insurance Co. ("Time"). The court ruled that plaintiff's misrepresentation claim against Time was preempted because "[i]t cannot be gainsaid that Perkins' claims against Time 'relate to' an employee benefits plan and thus fall within the scope of ERISA's preemption clause." 898 F.2d at 473.

ERISA did not preempt the claim against the insurance agent in *Perkins*, however.

Instead, "a claim that an insurance agent fraudulently induced an insured to surrender coverage under an existing policy, to participate in an ERISA plan which did not provide the promised coverage 'relates to' that plan only indirectly. A state law claim of that genre, which does not affect the relations among the principal ERISA entities (the employer, the plan fiduciaries, the plan, and the beneficiaries) as such, is not preempted by ERISA." *Id.*

Similarly, in *Greenblatt v. Budd Co.*, 666 F.Supp. 735 (E.D.Pa.1987), plaintiff asserted a state common law misrepresentation claim and claims pursuant to §§ 502 and 510 of ERISA. Plaintiff alleged that, after a merger of his company with another, he was told that the benefits under the plan in which he was already a participant would be made equal to those available under the plan in effect at the other company. He claimed that he had relied on these misrepresentations in deciding not to switch plans.

In ruling that the state law claim was not preempted, the court noted that courts have closely scrutinized state laws which were not designed to affect pension plans. "In those cases where federal courts have decided that preemption is not mandated, the rationale often advanced is that the state law in question impacts upon ERISA in an indirect manner that is too tenuous or too remote to warrant preemption." 666 F.Supp. at 741. Because the claim before it did not "impact upon an ERISA plan or affect the Congressional scheme contained in the Employee Retirement Income Security Act at all", the court determined that it was not preempted. *Id.* at 742.

Plaintiff also cites this court to *Albert Einstein Medical Center v. Action Manufacturing Co.*, 697 F.Supp. 883 (E.D.Pa. 1988). In that case, plaintiff, a medical services provider, brought suit to recover the cost of medical services rendered to a beneficiary of defendant's employee benefit plan. Plaintiff claimed that the defendant orally indicated to medical center personnel that it would pay charges for all services rendered to that patient.

The court ruled that plaintiff's misrepresentation claim was not preempted because "the plaintiff's cause does not in any sense turn on an interpretation of the rights of a beneficiary under the plan." 697 F.Supp. at 884. "Rather, the complaint alleges that the agents of defendant's employee benefit plan misrepresented that the plan would cover the expenses of one of its beneficiaries. The estoppel claim is thus independent of the defendant's *actual* obligations under the benefit plan." *Id.* (Emphasis in original.)

In short, the court ruled that the claim was not preempted because (1) the claim was not based on a right related to plaintiff's statutory protections under ERISA; and (2) the congressional purpose underlying the breadth of ERISA's preemption provision—to secure uniform federal laws regulating employee benefit plans—was not advanced by preemption of state common law claims which are not premised on a violation of duties imposed by ERISA. *Id.* at 885.

Finally, in *Sandler v. New York News, Inc.*, 721 F.Supp. 506 (S.D.N.Y.1989), plaintiff's employer offered to "buy out" the plaintiff in order to induce him to retire. While considering the offer, the plaintiff asked how much pension he would receive every month upon retiring. A representative of the defendant, who was both the pension manager and the person designated to shepherd offerees through the buyout procedure, erroneously calculated the pension benefits plaintiff would receive and informed him of the incorrect amount.

After learning that he was to receive less money than he had thought, plaintiff asserted three claims based upon negligent misrepresentation and breach of contract. The court in *Sandler* noted that the Second Circuit had held that three categories of state laws are generally preempted: those that provide an alternative cause of action to employees to collect benefits protected by ERISA, those that refer specifically to and apply solely to ERISA plans, and those that interfere with the calculation of benefits owed to an employee. *Sandler*, 721 F.Supp. at 511.

542

Although the common law of contracts does not directly refer to or solely apply to employee benefit plans, the contract claims in *Sandler* "[sought] to increase the amount of monthly pension benefits payable to [plaintiff], alleging that the amount of benefits owed to him under the Plan was contractually altered by [the defendant's agent's] representation." *Sandler*, 721 F.Supp. at 512. These claims thus were preempted because they represented merely alternative attempts to collect benefits protected by ERISA. *Id.*

On the other hand, Sandler's negligent misrepresentation claim was not preempted because it: (1) did not seek to recover benefits under a welfare plan or damages for the wrongful withholding of benefits rightfully due under a plan, (2) did not proceed against the plan administrators or pursue any recovery from plan assets, and (3) was premised upon an employer's misrepresentation made outside the routine course of pension administration which could have concerned economic benefits unrelated to ERISA as it easily as it concerned covered benefits. *Id.* at 514. The court limited its holding to the case before it because of the presence of these special factors and because its holding would not impact on the administration of the plan at issue. *Id.* at 515 n. 9.

### III. The Appellate Decision in This Case

In this case, the Third Circuit has determined that there exists a federal common law cause of action for fraudulent inducement to accede to a merger of two employee benefit plans and thus become a contributing employer in the resultant employee benefit plan. *Colteryahn I*, 847 F.2d at 122. Regarding preemption of plaintiff's state law claims, the court noted:

Colteryahn [argues] that its state law claims allege acts of misrepresentation and breach of contract that occurred prior to the merger of the two plans, hence prior to Colteryahn's joining the Western Pennsylvania Fund. Thus, Colteryahn contends, although its suit may affect the Fund, it does not 'relate to' the Fund as required by § 1144(a) in order to be preempted, because it concerns obli-

gations of the defendant (arising out of tort and contract duties) independent of any duties under ERISA.

Since we have held that Colteryahn has a cause of action under the federal common law of ERISA for fraud and misrepresentation, and since the allegations made in Colteryahn's federal counts are substantially similar to the allegations made in Colteryahn's state law claims, we express serious doubt whether, consistent with the broad preemptive nature of ERISA, we could allow Colteryahn to proceed with its parallel state law claims....

The district court has not yet ruled on this question, however, and we prefer, as a matter of prudence, to allow the district court to address this issue in the first instance.

*Colteryahn I*, 847 F.2d at 124 (footnotes omitted).

This language indicates at first glance that plaintiff's state law claims are of the type that merely provide for causes of action concurrent to those the Third Circuit has held available to plaintiff under the federal common law of ERISA. If this is the case, those causes of action are preempted.

The preemption issue is not that simple, however. First, because the accountants and actuaries have not pursued the preemption argument before this court, the court will not consider whether the claims asserted against them at Count VI are preempted. Whether the claims asserted against the accountants and actuaries at Counts VIII and IX are preempted will be discussed and decided at this time, however, because the court must analyze those counts in order to address the arguments of the Fund and the trustees in any event.

Further, closer examination of each of the state law causes of action alleged in plaintiff's complaint indicates that, although some of the causes of action at issue are indeed merely duplicative of the federal common law cause of action available to plaintiffs under ERISA, some are of the type which are typically held not to be

preempted. Thus, it appears as if some of plaintiff's state law claims are preempted and some are not.

## IV. Plaintiff's State Law Claims

█ Plaintiff alleges in Count V that the trustees and the Fund breached the contractual duties implied in their articles of merger. That is, plaintiff alleges that the trustees and the Fund had an implied duty of good faith and fair dealing to disclose the Fund's true financial condition in the course of the merger. Plaintiff points to the merger agreement as the source of these duties. As it does at Count III (an ERISA count), plaintiff seeks damages in the amount assessed as withdrawal liability.

Count V is asserted against ERISA plan administrators. The existence of an ERISA plan (in fact, two) is absolutely central to it. Further, the merger between two plans is at the heart of both plaintiff's ERISA allegations and this count. The Multiemployer Pension Plan Amendments Act, 29 U.S.C. §§ 1381–1453, establishes criteria for and governs mergers between plans. 29 U.S.C. §§ 1411, 1412. With that in mind, the Third Circuit in *Colteryahn I* ruled that both plaintiff's assertions regarding assessment of withdrawal liability and their allegations of purported misrepresentations and concealment involved claims arguably within 29 U.S.C. § 1451 and certainly within the federal common law of ERISA. *Colteryahn I*, 847 F.2d at 120–21.

As in *Sandler*, this breach of contract claim merely seeks to recover the same damages as are at issue in plaintiff's ERISA claim seeking the amount assessed against it as a withdrawal liability. Further, although this count does not allege a breach of technical provisions of the merger agreement which ERISA might govern directly, the duties plaintiff allegedly breached must be encompassed within the federal common law of ERISA. As the Third Circuit said, this court "would find it quite curious if Congress had given multiemployer plans the immense power that the Fund has exercised in this case ... yet

did not intend to place some check on the conduct and practices of such plans.... [G]iven the predominant federal interest in the conduct of pension plans' affairs, any check on such power must be available in federal court." *Colteryahn I*, 847 F.2d at 121–22. Count V is preempted.

█ At Count VII, plaintiff asserts a claim of fraudulent misrepresentation against all defendants. Against the trustees and the Fund, this cause of action is the same one as to which the Third Circuit determined there existed a federal common law cause of action under ERISA. Unlike the claims at issue in the *Perry* case cited by plaintiff, then, a federal common law remedy for the wrongs asserted exists. Therefore, this state law claim is also preempted as against the trustees and the Fund. Against the accountants and actuaries, however, the claims of fraudulent misrepresentation would seem to be a matter of state concern which neither impacts upon ERISA nor is governed by ERISA. *Cf. Perkins*, 898 F.2d at 473. Therefore, Count VII is not preempted as against the accountants and actuaries.

█ At Count VIII, plaintiff asserts that all defendants negligently performed their duties, thus causing it to suffer damages in the amount of the allegedly incorrect withdrawal liability assessment. Against the Fund and the trustees, this claim directly impinges on standards which are set within ERISA: standards by which the Fund and its trustees are to operate in administering the ERISA plan. Thus, against those defendants, this cause of action is preempted. As with the claims of fraudulent misrepresentation, however, a claim of negligence against the accountants and actuaries, which really amounts to a claim of malpractice, would seem to be a matter of state concern which neither impacts upon ERISA nor is governed by ERISA. The fact that the entity to which accountants and/or actuaries are rendering services is an ERISA plan is merely incidental to a claim that they negligently rendered those services. *Id.* Against those defendants, Count VIII is not preempted.

At Count IX, plaintiff asserts that all defendants conspired to deceive it of the Fund's true financial condition. This court has already ruled that the misrepresentation claims which are at the root of this count are preempted as against the trustees and the Fund. Under Pennsylvania law, a civil conspiracy claim fails if the predicate torts are not present. *See Pelagatti v. Cohen*, 370 Pa.Super. 422, 536 A.2d 1337, 1342 (1987). Therefore, because the entire basis of this claim is activity for which a federal common law claim rather than a state law tort claim exists, plaintiff's allegations of a civil conspiracy against the trustees and the Fund must also be preempted by federal law. In accordance with this court's reasoning regarding plaintiff's claims of fraud and negligence, the allegations of Count IX asserted against the accountants and actuaries are not preempted, however.