REDALL INDUSTRIES, INC., Michael Powell, Harry Geelen, and Stanley Gardella, Trustees of the Redall Industries, Inc. Defined Benefit Pension Plan, Plaintiffs,

v.

Lawrence J. WIEGAND, Lawrence J. Wiegand and June Wiegand, Trustees of the L.J.W., Inc. Money Purchase Plan and Trust, Alpha & Omega, also known as Alpha & Omega Financial Companies; namely, Alpha & Omega Pension Services, Inc., a Kansas corporation Personal Economics, Inc., a Kansas corporation; and Horizon Financial Services, Inc., a Kansas corporation; and Mary F. Hull, Defendants.

and

YALE–REDALL COMPANY n/k/a L.J.W. Company, Inc., Lawrence J. Wiegand, and June Wiegand, Counter–Plaintiffs,

v.

REDALL INDUSTRIES, INC. and Michael R. Powell, Counter–Defendants,

and

Lawrence J. WIEGAND, June Wiegand, and Yale–Redall Company, Inc. n/k/a L.J.W. Company, Inc., Cross–Plaintiffs,

v.

ALPHA & OMEGA, also known as Alpha & Omega Financial Companies; namely, Alpha & Omega Pension Services, Inc., a Kansas corporation Personal Economics, Inc., a Kansas corporation; and Horizon Financial Services, Inc., a Kansas corporation; and Mary F. Hull, Cross–Defendants.

Civ. A. No. 93–73235.

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 9, 1995.

Heidi D. Hudson, Roger F. Wardle; Kohl, Secrest, Wardle, Lynch, Clark & Hampton, Farmington Hills, MI, for Mary F. Hull.

C. Robert Wartell, Maddin, Hauser, Wartell, Roth, Heller & Pesses, Southfield, MI, for June Wiegand.

Larry E. Powe, Freeman McKenzie, P.C., Mount Clemens, MI, for Michael Powell.

Michael S. Leib, Maddin, Hauser, Wartell, Roth, Heller & Pesses, Southfield, MI, for Yale–Redall Co.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

GADOLA, District Judge.

Plaintiff Trustees of the Redall Industries Inc. Defined Benefit Pension Plan ("Trustees") and plaintiff Redall Industries, Inc. ("Redall") filed this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* and state law claims. Plaintiffs seek to recover from defendants Alpha and Omega and Mary F. Hull damages to the Redall Industries Inc. Defined Benefit Pension Plan ("Redall Plan") which resulted from services provided to the Redall Plan by these defendants. Defendants Alpha and Omega and Mary Hull brought the instant motion for partial summary judgment, arguing that plaintiffs' state law claims are pre-empted by ERISA. Plaintiffs oppose defendants' motion for summary judgment, arguing that the state law claims are not pre-empted by ERISA. Cross-plaintiffs Wiegand and the Yale–Redall Company, Inc. filed a concurrence with plaintiffs' opposition to Alpha and Omega and Mary Hull's motion for partial summary judgment.

### I. Claims

On July 30, 1993, plaintiffs filed a complaint in this action. In Count I, plaintiffs seek restitution from defendant Lawrence J. Wiegand of an overpayment of benefits from the Redall Plan. In Count II, plaintiffs seek damages from defendant Alpha and Omega for breach of a contract which required defendant to provide all the necessary informa-

tion and documents to keep the Redall Plan "properly qualified under ·existing law" for the plan year beginning April 1, 1990 and ending March 31, 1991. · Plaintiffs allege that defendant breached the contract by not following standard practices, not properly preparing and filing forms with the Internal Revenue Service and the Department of Labor and not properly computing benefit distributions, benefit accruals, determining eligibility and minimum funding requirements. In Count III, plaintiffs seek damages from Alpha and Omega and Mary Hull for malpractice. In this count, plaintiffs allege that defendants performed plan administration services and plaintiffs relied on these services in making decisions and taking action regarding the Plan. Plaintiffs also allege that defendants failed to follow accepted actuarial principles and guidelines, failed to exercise due care, failed to place welfare of · plaintiffs above their own interests, failed to disclose a conflict of interest and caused plaintiffs to overpay defendant Wiegand. In Count IV, plaintiffs seek damages from Mary F. Hull, alleging that the Trustees executed a Power of attorney to Mary F. Hull, at her request. The count further alleges that the Trustees authorized her to represent the Redall Plan before the IRS for the tax years 1990 through 1994 and also authorized her to act in connection with "[a]ll matters pertain- · ing to Redall Industries, Inc. Defined Benefit Pension Plan." In this count, plaintiffs allege that Mary Hull breached her duty of · care by failing to follow accepted actuarial principles and breached her duty of loyalty by misrepresenting the value of the vested accrued benefits due Wiegand under the terms of the Redall Plan. In Count V, plaintiffs seek damages from Alpha and Omega for breach of warranty. Plaintiffs allege that Alpha and Omega warranted the expertise to administer the Redall Plan and keep the Redall Plan qualified under existing law. In Count VI, plaintiffs seek damages from Alpha and Omega and Mary Hull for misrepresentation as to the present value of the vested accrued benefits due Wiegand pursuant to the terms of the Redall Plan.

On November 23, 1993, plaintiffs filed a first amended complaint, adding three additional counts. In Counts VII and VIII, plaintiffs alleged that Alpha and Omega and Mary Hull breached their fiduciary duties to the Redall Plan under ERISA by misrepresenting the present value of the accrued benefits due Wiegand and by recommending the purchase of excessive insurance by the plan.[1] On December 10, 1993, Wiegand filed a cross-claim against defendants Alpha and Omega and Mary Hull, asserting a state law claim for recovery of any funds Wiegand will have to repay to Redall and the Trustees. Before the court is defendants Alpha and · Omega and Mary Hull's motion for partial summary judgment, asserting that plaintiffs' state law claims are preempted by ERISA.

## II. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, .174 (6th Cir.1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citation omitted). The Court must ·view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley*

---

1. In Count IX, plaintiffs alleged that defendant Wiegand had breached his fiduciary duty to the Redall Plan. On June 10, 1994, this court granted summary judgment in favor of defendant Wiegand on Count IX· of plaintiffs' first amended complaint.

*Co.,* 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact; rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg,* 801 F.2d at 861.

### III. Analysis

Plaintiffs' first amended complaint against defendants Alpha and Omega and Mary Hull alleges claims based on state law and ERISA. In Counts II–VI, plaintiffs allege state law claims based on breach of contract, malpractice, agency, breach of warranty and misrepresentation. In Counts VII–VIII, plaintiffs allege breaches of fiduciary duty under ERISA by defendants Alpha and Omega and Mary Hull. Defendants Alpha and Omega and Mary Hull argue that plaintiffs' state law claims are preempted by ERISA.[2]

ERISA provides the following preemption provision:

[T]he provisions of this title and title IV shall supersede any and all state laws insofar as they may now or hereafter *relate to* any employee benefit plan ...

29 U.S.C. § 1144(a) (emphasis added). The "state laws" that are superseded include "all state laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines,* 463 U.S. 85, 96–97,

103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983) (footnote omitted). However, some state actions are too "tenuous, remote, or peripheral" to "relate to" an ERISA plan. *Shaw,* 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21.

■ In *Firestone Tire & Rubber Company v. Neusser,* 810 F.2d 550, 555–556 (6th Cir.1987), the Sixth Circuit analyzed three factors to determine when a state law falls within the "remote and peripheral" exception to preemption by ERISA.[3] First, the court analyzed whether the state law represents a traditional exercise of state authority because "we ... must presume that Congress did not intend to preempt areas of traditional state regulation." *Id.* at 556 (quoting *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985)). Second, the court explained that a court is more likely to find that state law relates to a benefit plan if it affects relations among the principal ERISA entities rather than the relations between one of the principal entities and an outside party, or between two outside parties. *Id.* at 556 (citing *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enterprises,* 793 F.2d 1456, 1467 (5th Cir.1986), *cert. denied,* 479 U.S. 1034, 107 S.Ct. 884, 93 L.Ed.2d 837 (1987) and 479 U.S. 1089, 107 S.Ct. 1298, 94 L.Ed.2d 154 (1987)). These principal ERISA entities include the employer, the plan, the plan fiduciaries, and the beneficiaries. *Id.* at 556 (citing *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enterprises,* 793 F.2d 1456, 1467 (5th Cir.1986), *cert. denied,* 479 U.S. 1034, 107 S.Ct. 884, 93 L.Ed.2d 837 (1987) and 479 U.S. 1089, 107 S.Ct. 1298, 94 L.Ed.2d 154 (1987)). Third, the court analyzed whether the state law's effect on the ERISA plans is incidental, thereby having too tenuous a relation to an ERISA plan to "relate to" the plan. *Id.* at 556. The Sixth Circuit explained that these three factors are to be used as a guide in determining whether ERISA preempts state law claims under the facts of a particular

---

**2.** In their motion for partial summary judgment, defendants Alpha and Omega and Mary Hull did not differentiate between the various state claims in plaintiffs' first amended complaint.

**3.** Defendants argue that *Firestone Tire & Rubber Co. v. Neusser,* 810 F.2d 550 (6th Cir.1987) was

overruled by the Supreme Court in *Ingersoll.* However, the Sixth Circuit has used the three part test in *Neusser* even after the *Ingersoll* ruling. *See Saylor v. Parker Seal Company,* 975 F.2d 252 (6th Cir.1992).

case, but they are not exhaustive and no single factor is dispositive. *Id.* at 556. Applying these three factors, the court found that the general tax ordinance at issue in *Neusser* was not preempted by ERISA. *Id.* Although in *Neusser* the Sixth Circuit analyzed whether an ordinance was to be preempted by ERISA, the Tenth Circuit used a similar test to analyze whether state common law claims should be preempted by ERISA. *Airparts Co. v. Custom Ben. Services of Austin,* 28 F.3d 1062 (10th Cir.1994).

■ Plaintiffs argue that their state law claims should not be preempted because application of the three factor test set forth by the Sixth Circuit in *Neusser,* 810 F.2d 550, 555–556 (6th Cir.1987) requires the court to find that plaintiffs' state law claims do not "relate to" the ERISA plan. First, plaintiffs argue that the state causes of action of breach of contract, agency, warranties, malpractice and misrepresentation are traditional exercises of state authority. Plaintiffs also argue that the second *Neusser* factor militates against preemption of plaintiffs' state law claims because the claims do not affect the relation between principal ERISA entities. Plaintiffs assert that their state law claims only affect a principal plan entity and an outside party. "Only the relationship between the Plan and the outside service providers, Alpha and Omega and Mary Hull, would be affected." Plaintiffs' Brief at 7–8. Lastly, plaintiffs argue that the third *Neusser* factor militates against ERISA preemption because the effect of their state law claims on the Plan would be incidental. Although *Neusser* did not elaborate upon the definition of "incidental," the decision's reference to *Rebaldo v. Cuomo,* 749 F.2d 133, 138–139 (2nd Cir.1984) *cert. denied* 472 U.S. 1008, 105 S.Ct. 2702, 86 L.Ed.2d 718 (1985) provides some clarification. In *Rebaldo,* the Second Circuit explained that where a law "of general application does not affect the structure, the administration, or the type of benefits provided by an ERISA plan, the mere fact that the statute has some economic impact on the plan does not require that the statute be invalidated." *Rebaldo* at 139. The state laws in the instant case are not specifically targeted at ERISA plans. Breach of contract, malpractice, agency,

breach of warranty, and misrepresentation apply to any service contracts regardless of whether they involve ERISA plans. These state laws do not alter the ERISA Plan's structure, administration, or type of benefits provided. In this case, all three *Neusser* factors militate against ERISA preemption of plaintiffs' state law claims.

Plaintiffs compare their state law claims to a claim under a state administrator licensing statute, which was found not to "relate to" an employee benefit plan because it was "not directed towards any particular plan or towards employee plans in general." *Benefax Corp. v. Wright,* 757 F.Supp. 800, 804 (W.D.Ky.1990). In *Benefax,* the court found particularly important that the state was "focusing its regulating authority towards the conduct of administrators without regard to whether such administrators service ERISA employee benefit plans." *Id.* Similarly, in the instant case, plaintiffs' state law claims regulate professional conduct of actuaries, accountants, and consultants without regard to whether they service ERISA employee benefit plans.

Defendants Alpha and Omega and Mary Hull argue that plaintiffs' state law claims are preempted by ERISA. First, defendants argue that the existence of the pension plan is a critical factor in establishing liability under the state common law theories. Alpha and Omega and Mary Hull rely heavily on *Ingersoll–Rand v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), in which an employee brought a wrongful discharge action against a former employer alleging that the principal reason for his termination was the employer's desire to avoid making contributions to the pension fund. The Supreme Court held that the existence of the pension plan is a critical factor in establishing liability under the state's wrongful discharge law. *Id.* Second, the defendants argue that ERISA preempts common law tort and contract action asserting improper processing of benefits. Plaintiffs rely on *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), in which the Supreme Court found that ERISA preempted an employee's state law claims against an insurance company for its failure

to provide benefits under a policy because the claims "relate to" an employee benefit plan. Both *Ingersoll–Rand* and *Pilot Life* involved actions by employees against an employer or an insurer. The instant action is brought by the Plan and Plan Trustees against "outside service providers." Even after the *Ingersoll–Rand* and *Pilot Life* decisions, courts have held that state common law claims based on professional malpractice and negligence against actuaries and accountants do not "relate to" an ERISA benefit plan and therefore are not preempted by ERISA. In fact, Alpha and Omega and Mary Hull have not provided the court with a single case where a court has found that ERISA preempts professional malpractice and negligence claims against actuaries or accountants.

State law claims against actuaries, accountants or consultants have consistently escaped preemption by ERISA. In *Airparts Co. v. Custom Ben. Services of Austin*, 28 F.3d 1062 (10th Cir.1994), the Tenth Circuit held that an employer's and trustees' state law claims for negligence, indemnity and common-law fraud against a consultant to the plan did not "relate to" the ERISA plan and therefore were not preempted by ERISA. In *Airparts Co*, plaintiffs alleged that the consultants failed to give timely advice regarding the effects of legislation, improperly calculated pension benefits, drafted a useless plan amendment and concealed the cost of the amendment. In *Clayton v. KPMG Peat Marwick*, 1994 U.S.Dist. LEXIS 15155 (C.D.Cal. July 7, 1994), the court found that ERISA did not preempt state law claims for accountant malpractice and breach of contract based on auditing work performed for an ERISA plan. In *Colteryahn Dairy, Inc. v. Western Pennsylvania Teamsters and Employers Pension Fund*, 785 F.Supp. 536 (W.D.Pa.1992), the court held that claims of fraudulent misrepresentation and negligence against accountants and actuaries for an ERISA plan are matters of state concern "which neither impacts upon ERISA nor is governed by ERISA." *Id.* at 543. The court explained that the "fact that the entity to which accountants and/or actuaries are rendering services is an ERISA plan is merely incidental to a claim that they negligently

rendered those services." *Id.* at 543. As in the instant case, the defendants in all three cases were actuaries, accountants or outside consultants to an ERISA plan and the state law claims against them were not preempted by ERISA.

Defendants argue that plaintiffs cannot plead alternative grounds under *Pane v. RCA Corp*, 868 F.2d 631 (3rd Cir.1989). However, in *Pane*, the court upheld the dismissal of plaintiff's state law claims because they "simply contend that state law and ERISA co-exist for purposes of enforcement of the plan." *Id.* at 635. Plaintiffs argue that in the instant case their state law claims for breach of contract, misrepresentation, malpractice and breach of warranty do not coexist to enforce the plan. Plaintiffs argue that the state law claims regulate different activities than those regulated by ERISA. In *Pappas v. Buck Consultants, Inc.*, 923 F.2d 531, 540 (7th Cir.1991), a pension plan trustee brought an action against an actuary under ERISA and state law causes of action. The Seventh Circuit declined to find an implied right of action against the actuary under ERISA, holding that "were we to create the cause of action he seeks, we would essentially supplant state-law malpractice claims against professionals who negligently prepare the reports ERISA requires." *Id.* at 540. The Third Circuit explained that:

> [S]tate law has traditionally prescribed the standards of professional liability and, in the absence of clear indicia in the act or legislative history, we are reluctant to ascribe to Congress an intention to intrude in this area.

*Painters of Philadelphia District Council No. 21 Welfare Fund v. Price Waterhouse*, 879 F.2d 1146, 1152 (3rd Cir.1989). In a footnote, the court cited *Mackey v. Lanier Collection Agency & Service*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), stating:

> We feel that professional malpractice actions brought by a plan are directly analogous to the situation in *Mackey*, and that, in the absence of an explicit corresponding provision in ERISA allowing a professional malpractice cause of action, Congress did not intend to preempt a whole panoply of

state law in this area. *Thus, we conclude that ERISA does not generally preempt state professional malpractice actions.*

*Id.* at 1153, n. 7 (emphasis supplied).

Unlike the cases cited by plaintiffs, the cases cited by Alpha and Omega and Mary Hull do not involve actuaries, accountants and outside consultants. *See, Ingersoll–Rand v. McClendon*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990) (employee brought action against employer); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (employee brought action against insurer); *Pane v. RCA Corp.*, 868 F.2d 631 (3rd Cir.1989) (employee brought action against employer); *Settles v. Golden Rule Ins. Co.*, 927 F.2d 505 (10th Cir.1991) (wife of deceased plan beneficiary brought action against insurer); *Spain v. Aetna Life Ins. Co.*, 11 F.3d 129 (9th Cir.1993) (wife and daughter of participant and beneficiary brought action against administrator). The cases cited by defendants involve claims made by an employee, or on behalf of an employee, against a principal entity of an ERISA plan, such as the employer, the plan or a plan administrator. However, in defendants Alpha and Omega and Mary Hull's answer to plaintiffs' first amended complaint, defendants deny that they were plan fiduciaries, trustees or plan administrators.

### ORDER

Therefore, it is hereby **ORDERED** that defendants' motion for partial summary judgment is **DENIED**.

**SO ORDERED.**